## Walker v. Commonwealth.

(Decided January 16, 1923.)

### Appeal from Fulton Crcuit Court.

1. Intoxicating Liquors—Sale When Unfit for Use as Beverage—Intention.—Subsection 5 of section 2554a, Kentucky Statutes, legalizes the sale of the articles therein specified from a to j, where same are unfit for use for beverage purposes, unless they are knowingly sold for such purpose or sold under circumstances from which the seller may reasonably deduce the intention of the purchaser to use them for such purpose.

2. Intoxicating Liquors—Defective Indictment.—In a prosecution for knowingly selling Jamaica ginger and other patented and proprietary medicines for beverage purposes, or for selling same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose, such knowledge must be alleged in the indictment.

ED. THOMAS for appellant.

CHAS. I. DAWSON, Attorney General, and MARTIN KELLEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

J. K. Walker was indicted, tried and convicted in the Fulton circuit court on the charge of selling Jamaica ginger as a beverage.

In this court he is insisting that the lower court erred in overruling the demurrer to the indictment, and in its instructions to the jury, both of which points were saved by proper exceptions.

The indictment reads (omitting caption and conclusion) : ''The grand jurors of the county of Fulton, in the name and by the authority of the Commonwealth of Kentucky, accuse J. K. Walker of the offense of selling intoxicating liquor, known as Jamaica ginger, for a beverage, and which was a medicinal preparation containing 93% alcohol and not for medicinal, sacramental or scientific purposes, committed in manner and form as follows, to-wit:

''The said J. K. Walker in the said county of Fulton on the 11th day of May, 1922, and within twelve months before the finding of this indictment, did unlawfully sell to John Rhodes intoxicating liquor, known as Jamaica ginger, a medical preparation containing 93% alcohol as a beverage, and not for medicinal, mechanical, sacramental or scientific purposes in Kentucky.''

Instruction number one was as follows:

''The court instructs you, if you believe from the evidence beyond a reasonable doubt that within twelve months before May 11, 1922, in Fulton county, Kentucky, the defendant Walker did unlawfully sell to the witness John Rhodes intoxicating liquor, to-wit: Jamaica ginger, a medicinal preparation containing 93% alcohol as a beverage, or any other per cent more than one-half of one per cent alcohol by volume, in which any extract, syrup or other article is used as an ingredient, you will find him guilty as charged and fix his punishment at a fine of not less than $50.00 nor more than $300.00 and confinement in the county jail for not less than thirty nor more than sixty days within your sound discretion.''

The indictment is predicated on section 2554a, subsection 5, Kentucky Statutes, which legalizes the sale of a number of articles in general use, including medicinal preparations, patent and proprietary medicines, &c., unfit for beverage purposes, when sold for the purpose for which they are intended. Medicinal preparations and proprietary medicines being included in paragraphs b and c of said subsection, which further provides:

''Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c and d of this

section for beverage purposes   .   .   .   .   or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose, or shall sell any beverage containing one-half of one per centum or more of alcohol by volume, in which any extract, syrup or other article is used as an ingredient, shall be subject to the penalties provided in this act.''

It will be observed that the sale of these articles is legalized unless they are ''knowingly'' sold for beverage purposes, or ''sold under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes.''

It is a matter of common knowledge that patent and proprietary medicines and flavoring extracts containing a large percentage of alcohol are sold generally throughout the country, not only by druggists, but also by grocers and others engaged in the mercantile business, and such dealers might in good faith sell such articles for legitimate purposes to persons who actually used them for beverage purposes, and under the indictment and instructions, *supra,* a jury might confuse the intention of the purchaser with that of the seller, and misconstrue the term ''sell for beverage purposes.''

In the act quoted the legislature guarded against this result by providing that the person ''knowingly'' selling, or ''selling   .   .   .   under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose,'' should be subject to the penalties provided in the act.

The indictment does not allege either of these elements nor is either of them made an element of guilt in the instruction given. ''It is a settled rule of criminal pleading which has been consistently followed by this court, that when the words of a statute are descriptive of the offense, an indictment under it should substantially follow the language of the statute and expressly charge the offense as described in the statute, otherwise the indictment will be defective.'' Adams Express Co. v. Comth., 177 Ky. 449; Elliott v. Comth., 194 Ky. 579.

In the former case it was held that the indictment was fatally defective in that it did not charge ''knowledge'' on the part of the carrier, it being provided in the act, ''and it shall be unlawful   .   .   .   .   to knowingly deliver liquor to a minor.''.

To the same effect was the opinion of the court in the case of Taylor v. Commonwealth, 96 Ky. 394, for false swearing, and the case of Bell v. Commonwealth, 14 Bush 433, for furnishing liquor to an inebriate, the word "knowingly" appearing in the statutes and being omitted in the indictments. See also Bishop's Criminal Law, vol. 2, page 528.

In discussing an indictment for the sale of Jamaica ginger which was found to be defective in another particular, the court said in the Elliott case: "The statute which makes the sale of Jamaica ginger and other articles for beverage purposes an offense, merely described the offense without giving it a name, and hence an indictment for the sale should, in the accusative part of said indictment, charge against the defendant the commission of the offense consisting of the elements necessary under the statute to make such offense, then in the descriptive portion should set out the particular acts which constitute the offense."

The opinion also holds that "Jamaica ginger in the common acceptation of the term . . . . is a medicinal preparation and it is of the articles which it is lawful to sell for the purposes for which it is designed."

It follows that the indictment was fatally defective for the reasons above indicated and the instruction was also erroneous for the same reason. The instruction is open to another criticism, in that it submitted the question of the defendant's guilt upon the sale of any intoxicating beverage, viz., "or any other per cent more than one-half of one per cent alcohol by volume in which any extract, syrup or other article is used as an ingredient."

The statute denounces the sale of "any beverage containing one-half of one per centum or more of alcohol by volume in which any extract, syrup or other article is used as an ingredient," but this is a distinct offense from that of selling a proprietary medicine. It applies to the sale of beverages generally, and under it, it is unnecessary to allege or prove knowledge. In the sale of such beverages the law is violated whenever the article sold exceeds one-half of one per centum of alcohol by volume. This offense was not set out in the indictment and has no place in the instructions.

Judgment is reversed and cause remanded for proceedings consistent with this opinion.