## Martin v. Commonwealth.

(Decided January 16, 1923.)

## Appeal from Floyd Circuit Court.

1.  Intoxicating Liquors—Sale of Extracts—Intention of One Making Sale.—Lemon extract is a flavoring extract mentioned in paragraph e, subsection 5, section 2554a, Kentucky Statutes, and the sale thereof is legalized unless sold for beverage purposes, or sold under circumstances from which the seller may reasonably deduce the intention of the purchaser to use it for such purpose.

A. J. MAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This appeal is prosecuted from the Floyd circuit court in which the indictment charged the defendant with the offense of "unlawfully selling spirituous liquors." The acts constituting the offense are thus set out in the descriptive part, viz.: "Did unlawfully sell spirituous, vinous and malt liquors, not for mechanical, scientific, medicinal or sacramental purposes . . . being what is commonly known as lemon extract for beverage purposes the same containing more than one-half of one per cent alcohol."

Section 2554a of the Kentucky Statutes, upon which this indictment is predicated, has been before the court frequently, and a number of its provisions have been construed. Subsection 1 of the act denounces the sale . . . of spirituous, vinous, malt or intoxicating liquors, except for sacramental, medicinal, mechanical or scientific purposes.

Subsection 5 of the said act legalizes the sale of a number of articles included in paragraphs a to j, when unfit for beverage use. Paragraph e, of this subsection includes "flavoring extracts and syrups that are unfit for use as a beverage, or for intoxicating beverage purposes."

The concluding paragraph of this subsection provides: "Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c and d of this section for beverage purposes, or any extract or syrup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose, or shall sell any beverage containing one-half of one per centum or more of alcohol by volume in which any extract, syrup or other article is used as an ingredient shall be subject to the penalties provided in this act."

It will be observed that the indictment would have been good as a charge of "unlawfully selling spirituous, vinous and malt liquors," but for the concluding phrase in the description, which adds, "being what is commonly called lemon extract for beverage purposes, the same containing more than one-half of one per centum of alcohol."

This is an offense denounced by subsection 5. In the case of J. K. Walker v. Commonwealth, this day decided by the court, it was held that a valid indictment under subsection 5 should charge that the sale was "knowingly" made for beverage purposes or made under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose. That indictment was for selling Jamaica ginger for beverage purposes and it was held defective because it did not allege knowledge as above indicated.

The sale of Jamaica ginger is authorized under paragraphs c and d, of subsection 5, and paragraphs a, b, c and d are especially mentioned in the concluding paragraph naming the penalty, but after so doing the statute continues, " . . . or any extract or syrup for intoxicating beverage purposes," and makes the same application as it does to the lettered paragraphs. Hence this case cannot be distinguished in that particular from the Walker case.

The evidence introduced was as to the sale of four bottles of lemon extract, and the instructions were confined to such sale. For the reasons indicated the instructions were erroneous, also the indictment stated two offenses. Upon demurrer the Commonwealth might have elected, and if it had elected to have tried upon the charge of selling spirituous liquor, there would be no evidence to support the verdict; and if its election had been to try

defendant upon the charge of selling lemon extract, the indictment would have been fatally defective.

For the reasons indicated the judgment is reversed and remanded for proceedings consistent with this opinion.