## Howard v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Consent That Search Be Made—Waiver.— If the defendant consents to a search of himself or his premises without a search warrant, or under a defective one, he thereby

waives his constitutional right to insist on such a warrant and may not complain of the want of one or of an improper one.

2.  Intoxicating Liquors—Sale of Extracts for Beverage Purposes.— It is not unlawful to sell or keep for sale any of the articles mentioned in subsections a, b, c and d of section 2554a-5, 1922 edition, Carroll's Kentucky Statutes, which is the same as section 26 of chapter 33, Acts 1922. The only offense connected with the handling of such articles is that of the seller knowingly selling them for beverage purposes, or under such circumstances as that he might reasonably deduce the intention of the purchaser to use them for such purposes: Hence, proof that the defendant had in his possession Jamaica ginger is insufficient to sustain a conviction under an indictment charging him with having in his possession spirituous, vinous and malt liquors for the purpose of sale as a beverage and not for sacramental, scientific, medicinal or mechanical purposes.

B. M. JAMES and J. D. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On his trial, under an indictment returned at the February, 1922, term of the Floyd circuit court charging him with having in his possession spirituous, vinous, malt and intoxicating liquors for sale as a beverage, the appellant, Pat Howard, was convicted. His motion for a new trial was overruled and he has appealed, and by his counsel urges a number of grounds for a reversal of the judgment, the more material of which are: (1), the insufficiency of the indictment and that the court erred in overruling the demurrer filed thereto; (2), the incompetency of the evidence which was obtained by a search and, as claimed, without a proper search warrant; (3), fatal variance between the allegations of the indictment and the proof introduced by the Commonwealth, and (4), error in the instructions given and refused.

The indictment, while not strictly conforming to accurate criminal pleading, we think is sufficient under the provisions of section 122 of the Criminal Code to prefer the charge of unlawfully possessing intoxicating liquors for sale as a beverage, and without further discussion we have concluded that ground (1), is unfounded.

There was no search warrant produced, nor any proof of its loss, or any proof of its contents, but notwithstanding, the uncontradicted testimony is that appellant, after

knowledge of those facts, expressly consented that the search might be made and which was done after the officers proposed to procure a valid search warrant before making the search.    Clearly, he thereby waived the necessity for a search warrant as well as any defects in the one which the officers had, if any, and therefore ground (2), is unavailable.

Since ground (4), is bottomed upon the complaint made in ground (3), the two will be considered together, and the disposition of them requires a consideration of the testimony heard.    The Commonwealth proved by the officers who made the search, and which was the only testimony introduced, that defendant operated a grocery store and a restaurant in connection therewith; that while searching the store, under the alleged search warrant, they found a dozen or fifteen small two ounce or three ounce bottles of Jamaica ginger behind a counter in the store, the most of which was in a box constituting the original package in which it was shipped.    They described the labels on the bottles which correspond to the usual one contained on that particular preparation.   None of the witnesses knew of defendant ever having sold any Jamaica ginger for beverage or other purposes, and upon that testimony alone the court overruled defendant's motion for a peremptory instruction and submitted to the jury his guilt or innocence under the charge contained in the indictment, of having in his possession for the purpose of sale "an intoxicant called Jamaica ginger, containing more than one-half of one per cent of alcohol, not for sacramental, scientific, mechanical and medicinal purposes."

The prosecution was necessarily under chapter 81, Acts 1920, which is sections 2554a-1 to 2554a-38 inclusive, of the 1922 edition of Carroll's Kentucky Statutes, since the offense is alleged to have occurred and the indictment was returned before the taking effect of chapter 33, Acts 1922, commonly known as "The Rash-Gullion Act." Section 5 of the 1920 act (section 2554a-5 of the 1922 statutes) is the same as section 26 of the 1922 act, and the section under the first act, relating to the sale of medicinal preparations for beverage purpose, was before this court in the case of Elliott v. Commonwealth, 194 Ky. 576, in which case a sale of the same commodity (Jamaica ginger), was involved, as is involved in this case; and it was held that it came within the terms of sub-section (b) of section 5 of the 1920 act and section 26 of the 1922 act,

and that it was a medicinal preparation within the provisions of subsection (b). The section in each of the acts expressly excludes the articles mentioned in its subdivisions from the operation of the act, the language being: "The articles enumerated in this section shall not, after having been manufactured and prepared for the market, be subject to the provisions of this act, including the provisions relating to the keeping of record, the giving of notice, and the filing of statements in the county court clerk's office, if they correspond to the following descriptions and limitations, namely, . . . " but it is enacted in subsection j of the section in each of the acts that, "Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c, and d of this section for beverage purposes of any extract or syrup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose . . . shall be subject to the penalties provided in this act."

It will be observed that the only offense growing out of dealing in any of the articles mentioned in sub-sections a, b, c, and d of the section is that of "knowingly" selling any of them for beverage purposes, or selling them under such circumstances as that the seller might reasonably deduce the intention of the purchaser to use them for such purposes. The remaining portion of the paragraph of sub-section j, relating to the selling of all articles manufactured for, and used exclusively as a beverage and containing more than the forbidden per centum of alcohol, is not material to the question here involved, since the article (Jamaica ginger) does not come within the purview of that inhibition, it being a medicinal preparation under subsection b of the section of the two acts. The act nowhere creates the offense of keeping, or having in possession for the purpose of sale, any of the articles mentioned in subsections a, b, c and d. The only offense with reference to such articles is, as we have seen, the selling of them for beverage purposes with *knowledge* on the part of the seller that they were to be used for such purposes, or the circumstances were such as to induce the belief in his mind that they were bought for that purpose.

This court adopted the same construction of the act in the cases of Walker v. Commonwealth, 197 Ky 266, and Martin v. Commonwealth, idem 270, both of which

were decided on January 16, 1923. In each of those opinions, as well as in the Elliott case, *supra*, it was recognized that the preparations enumerated in the above subdivisions of the section were articles "sold generally throughout the country, not only by druggists but also by grocers and others engaged in the mercantile business," and that it was not unlawful to keep them for the purposes of sale, since the only offense which the seller could commit would be to "knowingly" sell them for beverage purposes, or under such circumstances as to induce the belief that they were purchased for that purpose.

It results that the testimony in this case did not prove or tend to prove a public offense, and the court erred in overruling defendant's motion for a peremptory instruction and in submitting to the jury the charge contained in the indictment.

Wherefore, the judgment is reversed with directions to grant a new trial and for proceedings consistent herewith.