## Thompson v. Commonwealth.

(Decided April 18, 1924.)

### Appeal from Bell Circuit Court.

1. Indictment and Information—Indictment for Selling Flavoring Extract for Beverage Purposes Held Sufficient.—An indictment charging that defendant knowingly sold flavoring extracts for intoxicating beverage purposes was not subject to the objection that it did not charge the sale was made under such circumstances as that the seller might reasonably deduce the intention of the purchaser to so use them, under Ky. Stats., section 2554a5 (j), the clause "under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them" not being a part of the offense, but only the declaration of a rule of evidence which may be resorted to in showing the knowledge of the seller.

2. Criminal Law—Common Knowledge that Flavoring Extracts are Used in All Families.—It is a matter of common knowledge that flavoring extracts are used in all families.

3. Intoxicating Liquors—Evidence Held Not to Warrant Conviction for Selling Flavoring Extracts for Beverage Purposes.—Evidence held insufficient to warrant a conviction for knowingly selling flavoring extracts for intoxicating beverage purposes, under Stats., 2554a5(a).

4. Intoxicating Liquors—Instruction should Not Authorize Conviction for "Unlawfully" Selling Extracts as Beverage—"Knowingly."—In a prosecution under Stats., section 2554a5(j), for knowingly selling extracts for intoxicating beverage purposes, the court should not in its instruction authorize a conviction of the defendant if he "unlawfully" sold the extract, instead of "knowingly," the knowledge of the seller being the very essence of the offense, and use of the word "unlawfully" being in no sense equivalent to the use of the word "knowingly."

W. J. STONE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant was indicted, charged with the offense of knowingly selling for intoxicating beverage purposes certain flavoring extracts known as vanilla, lemon and banana.

The indictment was evidently drawn under the provisions of section 2554a, subsection 5, subdivision j, which among other things provides:

> "Any person who shall knowingly sell . . . any extract or syrup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose . . . shall be subject to the penalties provided in this act."

The indictment in question only charges that defendant knowingly sold the extracts for intoxicating beverage purposes, and does not charge the sale was made under such circumstances as that the seller might reasonably have deduced the intention of the purchaser to so use it.

The contention is made that the indictment is insufficient because of its failure to allege substantially in the language of the statute that the sale was made under such circumstances. Manifestly the contention is fallacious; the very essence of the offense thus created by the

statute is the knowledge at the time of the sale by the
seller that the purchaser intended to use the liquid for
beverage purposes. The statute itself authorizes the
sale of such extracts for ordinary commercial purposes,
but makes it an offense only to sell the same when the
seller knows it is to be used for beverage purposes. The
very essence of the offense is the knowldge of the seller,
and in the absence of such knowledge there is no offense.
However, the subsequent clause providing that if the
seller makes the sale

> "Under circumstances from which the seller might
> reasonably deduce the intention of the purchaser to
> use them"

for beverage purposes, is intended as a modification
of the requirement that there shall be positive or exact
knowledge of such purpose on the part of the seller.
Its purpose was to impute such knowledge to him when
the sale is made under such circumstances as that he
might reasonably deduce therefrom the purpose of the
purchaser to so use the liquid. That clause is not a part
of the offense of knowingly selling, but is in fact only the
declaration of a rule of evidence which may be resorted
to in showing the knowledge of the seller, and how such
knowledge may be brought home to him. It is apparent
therefore the court properly overruled the demurrer.
Walker v. Com., 197 Ky. 266; Martin v. Com., 197 Ky.
270.

The evidence shows in substance that during a period
of from six to eight months the witness, who was a cus-
tomer at appellant's grocery and who bought groceries
from him during that period, bought five 2 oz. bottles of
extract, but only one at each time, and that he bought
them for beverage purposes. The prosecuting witness
states, however, that upon such occasions he would state
to appellant that his wife wanted it for cooking purposes,
or baking purposes, and that if he did not tell him that
he would not sell it to him, and that he did not suppose
the defendant knew what he was doing with the extract.

This was the whole evidence introduced, and it is
earnestly insisted it was insufficient to bring home to
appellant the knowledge contemplated by the statute that
the purchaser was using the extract for beverage pur-
poses.

The evidence does not bring home to the defendant
any knowledge that the purchaser was addicted to the

regular use of intoxicants, or that he made the purchase at a time when his appearance indicated such use. It merely shows that defendant in the regular course of his business made as many as five sales to him in the period named, and each sale at a different time. It is a matter of common knowledge that such extracts are used in all families, in some more than others, and it would be a harsh and unreasonable interpretation of the act to hold that a busy merchant who had only sold at five separate times a small bottle of extract to one man at separate times during a period of six or eight months must be presumed to have known the same was being used, or intended to be used, for beverage purposes. We are unwilling, therefore, under this scanty and unsatisfactory evidence to say that the jury was authorized to impute such knowledge to the defendant, and it follows from this that the trial court should have given the directed verdict of not guilty.

If there should, however, be another trial of this case the court in its instruction instead of authorizing a conviction of the defendant if he only "unlawfully" sold the extract, should use the word "knowingly." The knowledge of the seller is the very essence of the offense, and the use of the word "unlawfully" is in no sense equivalent to the use of the word "knowingly."

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.