## Forgy v. Commonwealth.

(Decided January 16, 1925.)

### Appeal from Muhlenberg Circuit Court.

1. Intoxicating Liquors—Evidence as to Defendant's Reputation Held Admissible in Prosecution for Sale of Extract for Beverage Purposes.—In prosecution for selling extract containing 93 per cent. alcohol for beverage purposes, sold under circumstances from which defendant might have deduced purchaser's intention to use it for beverage purposes, evidence as to defendant's reputation for unlawful sale of such extract held competent under Enforcement Act.

2. Intoxicating Liquors—Sale of Extract Containing 93 Per Cent. Alcohol for Beverage Purposes Held Violation of Enforcement Act.—Sale of extract containing 93 per cent. alcohol for beverage purposes held violation of Enforcement Act.

3. Intoxicating Liquors—Evidence Held to Warrant Finding that Seller Might Reasonably have Deduced Purchaser's Intention to Use Jamaica Ginger for Beverage Purposes.—In prosecution for sale of Jamaica ginger containing 93 per cent. alcohol for beverage purposes, in violation of Enforcement Act, evidence held to authorize jury to find that defendant might have reasonably deduced that purchaser intended to use it for beverage purposes.

4. Intoxicating Liquors—Failure to Use Liquor for Beverage Purposes no Defense.—In prosecution for selling Jamaica ginger for beverage purposes in violation of Enforcement Act, it was no defense that purchaser did not in fact use it for such purpose.

WILKINS & SPARKS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was charged in a warrant with the unlawful sale of intoxicating liquor by knowingly selling Jamaica ginger containing more than one-half of one per cent of alcohol, and under such circumstances as that he might reasonably deduce that the purchaser expected to use the same for beverage purposes.

On his trial in the quarterly court he was convicted, and again upon his trial on appeal to the circuit court, and being dissatisfied prosecutes this appeal.

The evidence discloses that he sold at one time two bottles of Jamaica ginger to an unmarried man who was not a housekeeper, and that the ginger so sold was 93 per cent alcohol, and that defendant's reputation for the unlawful sale of such extracts was bad.

His first contention is that under the provisions of the enforcement act the evidence as to his character for the unlawful sale was incompetent because the act does not apply to such extracts.

The act on this subject provides:

"In any prosecution or proceeding for any violation of this act, the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants."

The sale of such extracts when knowingly sold for beverage purposes, or when sold under circumstances

from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes, is prohibited by the enforcement act, and a penalty prescribed for such sale under such conditions. It is therefore a prosecution or proceeding for a violation of the enforcement act, and manifestly a sale of such extracts under the conditions mentioned in the act constitutes an illicit trade in intoxicating liquors, which is clearly embraced within the terms of the quoted section. We therefore find without difficulty that such evidence of reputation is competent against a defendant charged with the violation of the act in knowingly selling such extracts, or selling them under the circumstances set forth therein. Cravens v. Com., 205 Ky. 738.

But it is said for appellant that he was entitled to a directed verdict of not guilty, because of the lack of evidence that he had knowingly sold the extract for beverage purposes, or that he had sold same under such circumstances from which he might have deduced the intention of the purchaser to so use them.

We find, however, that not only was the purchaser an unmarried man who did not keep house, and that these facts were known to defendant, and that therefore he must have known that the purchaser had no domestic use for the extract, but we find that he at one and the same time sold to such purchaser two bottles of the extract; and even if the purchaser had been a housekeeper the fact that he bought two bottles at once might reasonably put the seller upon notice, under ordinary circumstances, that it was not intended for domestic purposes alone. Not only so, the evidence shows that the purchaser was a drinking man, and in the habit of getting drunk, and in the small town where the parties lived it is fairly presumable that appellant knew these facts.

Taking the evidence as a whole, the jury was authorized to find from it that the sale was under such circumstances as that reasonably he might have deduced the purpose of the purchaser to use the same for beverage purposes.

But it is said that as the evidence discloses the purchaser did not in fact use the same for beverage purposes, but immediately after its purchase turned it over to another, the case was not made out. The language of the statute, however, makes it an offense to sell to such a person under such circumstances as that he may reason-

ably deduce the intention to so use it; and the fact that he does not thereafter so use it cannot change the guilt or innocence of the seller. If the purchaser to whom was sold such extract under the conditions named in the statute should immediately thereafter suddenly die and never in fact use any part of the liquid for beverage purposes, it would not change the fact that the sale had been made to him in contemplation of the fact that he might or intended to so use it.

Judgment affirmed.