## Hale v. Commonwealth.

(Decided January 20, 1925.)

### Appeal from Casey Circuit Court.

Intoxicating Liquors—Conviction of Selling Jamaica Ginger for Beverage Purposes Held Sustained by Evidence.—Evidence held sufficient to take case to jury, and to sustain conviction of selling Jamaica ginger for beverage purposes.

CHARLES H. FAIR for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Accused, Hale, tried and convicted by a jury in the Casey circuit court of the offense of knowingly selling to one Shackelford, for beverage purposes, a concoction known as Jamaica ginger, prosecutes this appeal.

In his brief appellant says that the indictment in this case was fatally defective and that the court sought to cure the defect by requiring the Commonwealth to elect, and in this the court erred, and should have sustained the demurrer to the indictment. We have examined the transcript with care but find no record of a demurrer having been filed to the indictment. Neither was there an election by the Commonwealth. The indictment appears to be sufficient in all respects.

Appellant's next contention is, that the evidence fails to support the charge of selling Jamaica ginger for beverage purposes. The witness for the Commonwealth testified that appellant Hale was running a soft drink stand in the town of Liberty, and that the witness was running a restaurant on the opposite side of the street, that the witness went across to appellant's place where

he had learned that Jamaica ginger could be purchased passed behind the counter where he had been informed the Jamaica ginger was kept for sale, and took three (3) bottles, leaving $1.50 to pay for them; that he did not speak to appellant and did not know whether appellant saw him take the Jamaica ginger. He drank one of the bottles of ginger in the store and put the other two in his pocket and went out, where he was shortly thereafter apprehended with the bottles in his pocket. He further testified that the bottle he drank intoxicated him; that it contained ninety per cent (90%) or more of alcohol. He testified he had heard that appellant kept the Jamaica ginger for sale at his place of business.

Several witnesses were then called and asked if they were acquainted with the general reputation of appellant among the people of that neighborhood for handling and selling Jamaica ginger, and they answered they were and that appellant's reputation was bad in that respect. There was no evidence to the contrary. That heard, we think, was sufficient to carry the case to the jury and to sustain the verdict.

Judgment affirmed.