## Sams v. Commonwealth.

(Decided February 3, 1925.)

### Appeal from Estill Circuit Court.

Intoxicating Liquors—Instruction in Prosecution for Selling Jamaica Ginger, which Failed to Submit Issue of Defendant's Knowledge of Purchaser's Intent, Held Erroneous.—Instruction in prosecution under Ky. Stats., section 2554a, subsection 5, for sale of Jamaica ginger for beverage purposes, which did not submit question of defendant"s knowledge of purchaser's purpose, held erroneous.

GEORGE T. ROSS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Defendant appeals from a conviction for selling Jamaica ginger for beverage purposes. Objection is made to the instruction, which reads:

"If the jury believe from the evidence beyond a reasonable doubt that in this county, and within twelve months before the issual of the warrant herein, the defendant, Monroe Sams, sold to Dillard Jones tincture of ginger, commonly known as 'jake,' as Jamaica ginger, and that the same is commonly and generally used as a beverage, and is an intoxicating liquor and contains more thon one-half of one per cent of alcohol by volume and contains any extract, syrup or other articles used as an ingredient they will find him guilty, and fix his punishment at a fine of not less than one hundred dollars and not more than three hundred dollars, and by imprisonment in the county jail not less than thirty days and not more than sixty days. Unless they so believe they will find him not guilty."

Jamaica ginger is included in the proprietary medicines mentioned in section 2554a, subsection 5, Kentucky Statutes, the sale of which is legalized unless "knowingly" sold for beverage purposes, or "sold under circumstances from which the seller might reasonably deduce the intention of the purchaser to use it for such purposes."

In this it is distinguished from ordinary soft drinks sold as beverages in which the seller is liable if the article contains one-half of one per centum or more of alcohol by volume, in the sale of which he is presumed to know the purpose of the purchaser, and in which it is unnecessary to use the word "knowingly" either in the indictment or the instruction. Walker v. Commonwealth, 197 Ky. 266; Martin v. Commonwealth, 197 Ky. 270; Thompson v. Commonwealth, 202 Ky. 674.

As the instruction in this case did not submit the question of "knowledge" in the ways indicated above, it was erroneous.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.