## Sams v. Commonwealth, for Use, et al.

(Decided March 27, 1925.)

### Appeal from Madison Circuit Court.

1. Criminal Law—Same Strictness of Pleading Not Required in Inferior Court as in Circuit Court.—Same strictness of pleadings is not required in preparation of warrant in inferior court as in indictment in circuit court.

2. Intoxicating Liquors—Warrant for Selling Intoxicants, Held Deficient as Failing to Allege Sale for Beverage Purposes.—Warrant charging accused with knowingly and willfully selling Jamaica ginger, an intoxicant, not for medicinal, mechanical, scientific, sacramental purposes, held deficient, in that it failed to allege that sale was for beverage purposes.

GEORGE T. ROSS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The police court of Richmond issued a warrant for appellant, accusing him of "violating the prohibition law by unlawfully, knowingly and wilfully selling to Ed Fogle, Jamaica ginger, an intoxicant, not for medicinal,

mechanical, scientific or sacramental purposes," on December 28, 1924. A trial in the police court resulted in appellant's conviction. He appealed to the Madison circuit court, where he demurred to the warrant, but the demurrer was overruled, and of this ruling he now complains. A trial in the circuit court resulted in a fine of $300.00 and sixty days in the county jail. From that judgment he appeals to this court.

Appellant insists upon two grounds for a reversal of the judgment, (1) that the warrant was subject to demurrer and that the demurrer should have been sustained; and, (2) that the instructions of the court were erroneous.

The same strictness of pleadings is not required in the preparation of a warrant in an inferior court as in an indictment in a circuit court, but we are of opinion that the warrant should have been amended in the circuit court so as to charge appellant with "knowingly and wilfully selling the witness Jamaica ginger, an intoxicant, for beverage purposes." This may be done when the case is again called for trial.

The instructions should be reformed to meet the amendment of the warrant, and the jury directed that if it believes from the evidence beyond a reasonable doubt that appellant, in Madison county and within one year next before the issual of the warrant, unlawfully, wilfully and knowingly, sold Jamaica ginger, an intoxicant, to Ed Fogle, for beverage purposes and not for medicinal, mechanical, scientific or sacramental purposes, to find him guilty; otherwise to find him not guilty. If, however, appellant defends upon the idea that he did not "knowingly sell Jamaica ginger for beverage purposes," then the jury should be instructed under that part of the statutes reading: "Or, who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use the same" for beverage purposes. If the defense is that he did not sell the beverage at all, then such an instruction would be out of place. Howard v. Commonwealth, 197 Ky. 297; Walker v. Commonwealth, 197 Ky. 266; Sams v. Commonwealth, 207 Ky. 135.

For the reasons indicated the judgment is reversed for new trial consistent with this opinion.

Judgment reversed.