## Keser v. Commonwealth.

(Decided October 2, 1925.)

### Appeal from Harlan Circuit Court.

1. Prostitution—Indictment for Pandering Defective in Not Averring Accused Received and Appropriated Earnings of Prostitute "Without Lawful Consideration."—In prosecution, under Ky. Stats., section 1215b-1 for accepting and appropriating earnings of a prostitute, indictment which failed to aver that accused received and appropriated the earnings of prosecuting witness "without lawful consideration" was defective.

2. Indictment and Information—Indictment should Follow Words of Statute, when Words are Descriptive of the Offense.—When words of statute are descriptive of the offense, an indictment under it should substantially follow the language of the statute and expressly charge offense as described therein, otherwise it will be defective.

G. J. JARVIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant was tried and convicted for violating that portion of section 1215b-1 of the Kentucky Statutes which reads:

"Any person who . . . shall knowingly accept or appropriate any money or other thing of value, without lawful consideration, from a prostitute and from the earnings from her prostitutions . . . shall be guilty of pandering, and upon con-

viction shall be punished by imprisonment in the penitentiary for a term of not less than one year nor more than five years.''

From such conviction she brings this appeal. She urges several grounds for reversal, only one of which we need to consider, and that is whether or not her demurrer to the indictment should have been sustained. This indictment, omitting caption and conclusion, is as follows:

''The said Mary Keser, in the state and county aforesaid, and on the — day of —, 1924, and within — months before the finding of this indictment, did unlawfully and willfully receive and appropriate money and other things of value from Minnie Greaves, a prostitute, and from the earnings of her prostitution.''

Appellant insists that the failure of this indictment to allege that the appellant did the acts complained of ''knowingly'' renders in defective. The Commonwealth, while conceding that the element of knowledge is essential to complete the offense denounced, insists that the use of the words ''unlawfully and wilfully'' is a sufficient substitute for the word ''knowingly'' and relies on State v. Rickenberg (Utah), 198 Pac. 767, and the cases therein cited. Without deciding whether or not the words ''unlawfully and wilfully'' import the same meaning as the word ''knowingly,'' we think this indictment is defective because it fails to aver that the accused received and appropriated the earnings of the prosecuting witness, ''without lawful consideration.'' As it is no crime to receive or appropriate even knowingly from a prostitute any money or other thing of value arising out of the earnings of her prostitution, unless such reception be ''without lawful consideration,'' it is necessary that the indictment charging the offense created by the quoted portion of the statute should state that such reception was ''without lawful consideration.'' When the words of a statute are descriptive of the offense, an indictment under it should substantially follow the language of the statute and expressly charge the offense as described in the statute; otherwise, the indictment will be defective. Walker v. Commonwealth, 197 Ky. 266, 247 S. W. 7. Since the indictment in this case was defective as thus pointed out, the demurrer thereto should have been sustained.

Should this case be resubmitted to the grand jury, the use of the word "knowingly" in any new indictment that might be found would eliminate the question raised by appellant as above noted.

Judgment reversed.