### Combs v. Commonwealth.

(Decided October 6, 1925.)

### Appeal from Lee Circuit Court.

Criminal Law—Possession of Jamaica Ginger for Sale Not an Offense—Only Offense in Respect Thereto Being Sale with Knowledge of Beverage Use Intended.—Under Ky. Stats., section 2554a-5, it is not an offense to keep medicinal preparations like Jamaica ginger for the purpose of sale, or to sell same; the only offense in connection therewith being the sale thereof for beverage purposes, or under circumstances from which seller might reasonably deduce purchaser's intention to use same for beverage purposes.

S. P. STAMPER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of keeping for sale Jamaica ginger, an intoxicating liquor, and his punishment fixed at a fine of $100.00 and thirty days' imprisonment in the county jail.

By the express terms of the statute, medicinal preparations like Jamaica ginger are not subject to its provisions, and the only offense connected with such articles is knowingly to sell them for beverage purposes, or to sell them under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose. 2554a-5 Kentucky Statutes. Howard v. Commonwealth, 197 Ky. 297, 247 S. W. 10; Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61. That being true, it is not an offense to keep Jamaica ginger for the purpose of sale, and the demurrer to the indictment should have been sustained.

This conclusion makes it unnecessary to consider the evidence.

Judgment reversed and cause remanded for proceedings consistent with this opinion.