## Sams v. Commonwealth.

(Decided December 11, 1925.)

### Appeal from Madison Circuit Court.

Intoxicating Liquors—Evidence Sufficient to Support Conviction of Selling Jamaica Ginger for Beverage Purposes.—In prosecution for unlawfully and knowingly selling Jamaica ginger, a medicinal preparation, for beverage purposes, in violation of Ky. Stats., section 2554a-5, where it was shown that he sold three bottles to one purchaser at one time, evidence held sufficient to support conviction.

GEORGE T. ROSS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Affirming.

Appellant was tried and convicted upon a warrant charging him with unlawfully and knowingly selling Jamaica ginger, a medicinal preparation, for beverage purposes in violation of section 2554a-5, Kentucky Statutes. His punishment was fixed at a fine of $300.00 and confinement in the county jail for 60 days.

Appellant admitted, as the witnesses for the Commonwealth had testified, that he sold to Milt King upon a single occasion within twelve months next before the date of the warrant three bottles of Jamaica ginger, and the only question for decision is whether or not the sale was made as is prohibited by the statute "under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such (beverage) purposes." The witnesses for the Commonwealth and appellant agree that the purchaser, Milt King, told appellant that he wanted one bottle of Jamaica ginger for himself, another for Jess Edington and the third for Jeff Rhodus. Milt King testified that he did not at the time tell appellant that he or Eddington or Rhodus was sick. Appellant testified that King did make such statements and that he would not have made the sale except therefor; that he told King that he and each of the others for whom he was purchasing a bottle must take same according to directions, i. e., a spoonful every fif-

teen minutes until relieved. King being recalled in re-
buttal was asked and testified as follows:

>"Q. Did you tell Mr. Sams you were sick that
morning? A. I would not say. I would not say I did
or didn't. I can not remember. I don't remember
whether I did, or not, would not say either way.
>
>"Q. Did you tell him Jess was sick? A. No,
sir, I don't think I did.
>
>"Q. Did you tell him the other fellow was sick?
A. I don't remember.
>
>"Q. Were you sick that morning? A. Not as
I remember.
>
>"Q. Did you get drunk on that jake? A. No,
sir, I didn't get drunk, I don't think, that time.
>
>"Q. You don't remember what you told him?
A. No., sir."

It is insisted for the appellant that the testimony
in this case is of the same character as was held insuf-
ficient in Thompson v. Commonwealth, 202 Ky. 674, 261
S. W. 5, to warrant a conviction. But the evidence is
very different in the two cases. In that one, it was only
shown that the defendant had bought five 2-ounce bottles
of extract but only one at a time within a period of six
or eight months and that same was bought for cooking
purposes. Here the three bottles were bought all at
once under circumstances such as in two very recent cases
have been held sufficient to warrant an inference that the
extract was being purchased for beverage purposes.
Forgy v. Commonwealth, 206 Ky. 591, 268 S. W. 298;
Hale v. Commonwealth, 206 Ky. 685, 268 S. W. 344.

Judgment affirmed.