## Sams v. Commonwealth.

(Decided December 15, 1925.)

Appeal from Madison Circuit Court.

1. Indictment and Information—Clerical Error of Omission in Indictment Not Fatal.—In prosecution for sale of Jamaica ginger for intoxicating beverage purposes, indictment that accused "did to

(person named) a medicinal preparation;" omitting the word "sell" after "did," purely a clerical error, held sufficient, in view of Criminal Code of Practice, section 122; there being no question as to what was meant and intended by indictment.

2. Intoxicating Liquors—Instruction as to Intention of Purchaser to Use Jamaica Ginger for Beverage Purposes Not Error.—In prosecution for selling Jamaica ginger for intoxicating beverage purposes, state having burden of proving the illegal purpose as well as the sale, instruction following words of indictment referring to circumstances from which defendant might reasonably deduce intention of purchaser to use ginger for beverage purposes held not error under the evidence.

3. Criminal Law—New Trial, Sought on Ground of Further Evidence, Properly Denied, in Absence of Showing that it was Newly Discovered.—Motion for new trial, sought on ground of new evidence, held properly denied, in absence of showing that facts comporting new evidence had been learned since trial, and could not by reasonable diligence have been produced on the trial.

GEO. T. ROSS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

A. L. Sams was indicted for selling Jamaica ginger for intoxicating beverage purposes. He demurred to the indictment. His demurrer was overruled. He entered a plea of not guilty and the evidence being heard the jury found him guilty and fixed his punishment at a fine of $300.00 and sixty days' imprisonment. He filed grounds for a new trial, which were overruled, and he appeals. The indictment is in these words:

"The grand jury of Madison county, in the name and by the authority of the Commonwealth of Kentucky, accuse A. L. Sams of the offense of unlawfully and knowingly selling a medicinal preparation, namely, 'Jamaica ginger,' for intoxicating beverage purposes, committed as follows:

"That said A. L. Sams on the 22nd day of May, 1925, in the county aforesaid, and within one year before the finding of this indictment, did unlawfully, knowingly, and under circumstances from which the said A. L. Sams might reasonably deduce the intention of the purchaser, Joe Tussey, to use the following articles for intoxicating beverage purposes, to

Joe Tussey, a medicinal preparation manufactured in accordance with the formulas prescribed by the United States Pharmacopeia, National Formulary of the American Institute of Homeopathy, that it was unfit for use for beverage purposes, namely Jamaica ginger, against the peace and dignity of the Commonwealth of Kentucky.''

It will be seen that by clerical error the word ''sell'' is omitted from the indictment before the words ''to Joe Tussey.'' Omitting the intervening words the indictment reads: ''Did to Joe Tussey a medicinal preparation.'' Plainly this is simply a clerical error, because just above are these words: ''The purchaser Joe Tussey.'' Tussey could not be the purchaser unless there was a sale, and in the accusatory part of the indictment it is stated that the offense is unlawfully and knowingly selling a medicinal preparation, namely, Jamaica ginger, for intoxicating beverage purposes. By section 122 of the Criminal Code the indictment must contain ''A statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended.'' No person of common understanding could fail to know what was intended by this indictment. The demurrer was, therefore, properly overruled.

On the trial of the case, Joe Tussey testified that he bought twelve bottles of Jamaica ginger from the defendant at his store at Silver creek in Madison county in February before the indictment was found and gave him $5.00 therefor; that it was intoxicating and he drank it; that Dick Rhodus and his wife were present at the time. The Commonwealth also showed that the defendant's reputation for the illicit sale of Jamaica ginger was bad. He testified that he had never sold any Jamaica ginger to Tussey in his life, and his son testified that he stayed in the store most of the time and that he did not see Joe Tussey there in February.

On this evidence the court gave the jury an instruction, following substantially the indictment, except that the word ''sell'' was inserted. The defendant complains that these words were used in the instruction, ''and under circumstances from which defendant might reasonably deduce the intention of the purchaser, Joe Tussey, to use said Jamaica ginger for beverage purposes.'' It is urged that the only question in the case was whether the defendant made the sale; but to convict the defendant

the burden was on the Commonwealth to show not only that the defendant made the sale but that the sale was for intoxicating beverage purposes. The plea of not guilty put both facts in issue. The state could show the purpose of the sale by showing that it was made under such circumstances that the seller should reasonably know the intention of the purchaser in buying the articles. The Commonwealth not only showed that the purchaser bought Jamaica ginger, but it also showed that he bought twelve bottles of it for $5.00, and from such a purchase the jury might well infer that the Jamaica ginger was bought for beverage purposes. The burden being on the Commonwealth to establish not only a sale but the illegal purpose of the sale the court properly followed the language of the indictment in the instruction. Walker v. Commonwealth, 197 Ky. 266; Howard v. Commonwealth, 197 Ky. 297; Sams v. Commonwealth, 207 Ky. 135. The case of Sams v. Commonwealth, 208 Ky. 324, was not intended to lay down a different rule. The court only had in mind there making the instructions as brief as practicable. The instruction was proper here and plainly was not prejudicial to the substantial rights of the appellant.

On the motion for new trial the defendant filed the affidavits of Dick Rhodus and wife, in which they stated that they were at the store of the defendant one time and saw Joe Tussey in the store; that he bought no Jamaica ginger and said nothing about Jamaica ginger, and bought two automobile bulbs, a pair of gloves and some gasoline. But they did not state when this was. The defendant did not file any affidavit showing that he had learned these facts since the trial or did not know them at the trial, and there was no showing that this was newly discovered evidence, or that by reasonable diligence it could not have been produced on the trial. The court, therefore, properly refused to grant a new trial for this reason.

Judgment affirmed.