## Williams v. Commonwealth.

(Decided January 12, 1926.)

### Appeal from Bell Circuit Court.

1. Intoxicating Liquors—Indictment, Charging Accused with Selling Intoxicating Medicinal Preparation with Knowledge it was Purchased for Beverage Purposes, Sufficient.—Indictment, directly charging accused with having made sale of intoxicating medicinal preparation, with knowledge that it was being purchased for beverage purposes held sufficient.
2. Intoxicating Liquors—Evidence of Sale of Five Bottles of Bateman's Drops, Containing 45 Per Cent Alcohol Carried Case to Jury, and Sustained Conviction.—In prosecution for sale of medicinal preparation containing more than one-half of 1 per cent. of alcohol for beverage purposes, evidence of the sale at one time of five bottles of Bateman's drops, containing 45 per cent alcohol, warranted submission of case to jury, and sustained conviction.
3. Intoxicating Liquors—Instruction Fully and Fairly Submitted Elements of Charge of Knowingly Selling Intoxicating Medicinal Preparation for Beverage Purposes.—In prosecution for knowingly selling an intoxicating medicinal preparation containing more than one-half of 1 per cent of alcohol for beverage purposes, instruction held to fully and fairly submit all elements of offense charged.

M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, George Williams, prosecutes this appeal
from a judgment of the Bell circuit court convicting him
of knowingly selling a medicinal preparation containing
more than one-half of one per cent by volume of alcohol
for beverage purposes.

His argument that a demurrer to the indictment
should have been sustained is not supported but is re-
futed by Thompson v. Commonwealth, 202 Ky. 674, cited
and relied upon by him. The indictment in all particu-
lars measures up to the opinion of this court in that case
in that it directly charged appellant with having made
the sale of the intoxicating medicinal preparation with
knowledge that it was being purchased for beverage pur-
poses.

Appellant's contention that the trial court erred in
not directing his acquittal at the close of the testimony
and that the verdict is flagrantly against the evidence can
not be sustained. The evidence establishes that appel-
lant, in a single transaction on the occasion in question,
sold to the witness, Sillus Roark, five bottles of Bate-
man's drops, which contained forty-five per cent by vol-
ume of alcohol. Such a sale at one time is a circumstance
from which the seller might reasonably deduce the inten-
tion of the purchaser to use it for beverage purposes and
evidence of those facts authorized the submission of the
case to the jury and sustains the verdict found by it. See
Forgy v. Commonwealth, 206 Ky. 591; Hale v. Common-
wealth, 206 Ky. 685, and A. L. Sams v. Commonwealth,
212 Ky. 47.

Appellant's complaint that the instruction given is
erroneous is wholly without merit. The instruction re-
quired the jury to believe from the evidence beyond a
reasonable doubt that the sale was made within twelve
months before the finding of the indictment; that the
medicinal preparation known as Bateman's drops con-
tained more than one-half of one per cent by volume of
alcohol, and that appellant knowingly sold it for beverage
purposes, or did so under such circumstances as that he
might reasonably deduce that it was being purchased for
that purpose, before they could find the defendant guilty.
The instruction fully and fairly submitted all the ele-
ments of the offense charged.

No error occurring upon the trial hereof appearing
in the record, the judgment is affirmed.