## Sams v. Commonwealth.

(Decided January 19, 1926.)

### Appeal from Madison Circuit Court.

1. Criminal Law—Accused's Substantial Rights Not Prejudiced by Sheriff's Knocking on Jury Room Door and Asking as to Verdict.—In prosecution for selling Jamaica ginger in violation of Ky. Stats., section 2554a-5, sheriff's knocking on jury room door and asking as to verdict, pursuant to judge's direction, held not to violate Bill of Rights, section 11, or to deprive accused of right to be heard by himself and counsel.

2. Intoxicating Liquors—Instruction on Deduction of Purchaser's Intention to Use Jamaica Ginger for Beverage Purposes Held Proper.—In prosecution for selling Jamaica ginger, in violation of Ky. Stats., section 2554a-5, inclusion in instruction authorizing

conviction of words relative to deduction of purchaser's intention to use Jamaica ginger for beverage purposes held not error.

GEO. T. ROSS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellant was convicted of selling Jamaica ginger in violation of section 2554a-5, Kentucky Statutes.

His first insistence for reversal of the judgment is that his substantial rights were prejudiced by the following incident: After the case had been submitted to the jury the presiding judge directed the sheriff to notify the jury "that the court was waiting for them and to make a report into court." The jury were in a room that adjoined and opened into the court room. The sheriff went to the door of the room, knocked on it and said to the jury as he states in his affidavit: "Gentlemen, can't you make a verdict? The court is waiting on you." Or, as claimed by appellant, "Gentlemen, can't you get together? Hurry up and make a verdict." Just how this incident could have affected appellant's substantial rights in any way is not to us apparent.

It does not appear that the sheriff even entered the jury room or how long thereafter a verdict was agreed upon. There certainly was no suggestion of any kind as to how the jury should decide the case, and presumably the sheriff's statement was made in the presence and hearing of the trial court and the defendant. Appellant insists that the sheriff's conduct amounted to a violation of section 11 of the Bill of Rights and a deprivation of accused's right to be heard by himself and counsel. In support of this contention he relies upon Puckett v. Commonwealth, 200 Ky. 509, 255 S. W. 125, but there is no similarity whatever in the two cases, as a reference to that opinion will demonstrate, and there is no merit to this contention.

The only other complaint is of the inclusion in the instruction authorizing a conviction of the words, "or under circumstances from which the court might reasonably deduce the intention of Tussey (the purchaser) to use said Jamaica ginger for beverage purposes."

The same contention was made and denied under precisely the same circumstances in the case of A. L. Sams v. Commonwealth, 212 Ky. 47. For the same reasons and upon the authorities there cited the contention must also be denied here.

Judgment affirmed.