## Partin v. Commonwealth.

(Decided December 3, 1926.)

## Appeal from Bell Circuit Court.

1. Intoxicating Liquors—Warrant for Selling Jamaica Ginger Must Contain Allegation as to its Use for Beverage Purposes (Ky. Stats., Supp. 1926, Section 2554a-26).—Warrant for unlawfully selling Jamaica ginger held demurrable in not charging that it was sold for beverage purposes or under circumstances from which seller might reasonably deduce purchaser's intention to so use it, in view of Ky. Stats., Supp. 1926, section 2554a-26.

2. Intoxicating liquors—Warrant for Unlawful Sale of Jamaica Ginger May be Amended to Supply Allegation as to Use for Beverage Purposes.—Warrant, alleging unlawful sale of Jamaica ginger, may be amended by commonwealth to correct failure to charge that it was sold for beverage purposes or under circumstances from which seller might deduce purchaser's intention to so use it.

3. Intoxicating Liquors—Seller of Jamaica Ginger Cannot Object to Evidence Found in Illegal Search of Purchaser's Person.—One, charged with unawful sale of Jamaica ginger, cannot object to evidence found in search of person of purchaser, even though such search was illegal.

4. Criminal Law—Brief Written on Improper Paper will be Stricken from Record (Court of Appeals Rule 5, Section 1).—Brief written on improper paper, in violation of rule 5, section 1, of the Court of Appeals will be stricken from record, where no excuse was offered.

M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was tried and convicted in a magistrate's court of Bell county under a warrant charging him with the offense of ''unlawfully selling Jamaica ginger.'' He appealed to the circuit court, where he met a like fate, and from this latter judgment he brings this appeal to this court.

He first insists that his demurrer to the warrant should have been sustained, and in this contention he is correct. This warrant charges the appellant with the offense of ''unlawfully selling to Sherd Lambdin Jamaica

ginger." It does not charge that it was sold for beverage purposes or under circumstances from which the seller might reasonably deduce the intention of the purchaser to use it for beverage purposes, this being the offense denounced by section 2554a-26 of the statutes. In the case of Sams v. Commonwealth, 208 Ky. 324, 270 S. W. 827, a warrant charging the accused with "unlawfully, knowingly and willfully selling Jamaica ginger, . . . not for medicinal, mechanical, scientific or sacramental purposes," was held defective because it failed to charge that the sale was knowingly made for beverage purposes or under circumstances from which the seller might reasonably deduce the intention of the purchaser to so use it. This case concludes the first contention of the appellant in his favor. This will not preclude, however, the Commonwealth from amending the warrant on the return of this case to the circuit court so as to include the charge that the unlawful sale was knowingly made for beverage purposes or under circumstances from which the appellant might reasonably have deduced the intention of the purchaser to so use it.

Appellant also urges that the evidence found by the officers in a search of the person of Sherd Lambdin should not have been admitted as against him because the search of Lambdin was illegal, as he claims. Conceding this to be true, yet appellant may not object to the discovery of evidence under an illegal search of a third person. Wax v. Commonwealth, 214 Ky. 480, 283 S. W. 430.

He also says that the evidence does not sustain the verdict, but we are convinced that it is ample to warrant a conviction if the jury believes it.

The brief of the appellant in this case is written on the same character of paper condemned in Joyeux v. Anderson-Dulin-Varnell Co., 213 Ky. 658, 281 S. W. 796. Further, this is in flagrant violation of section 1, rule V. of this court for which no excuse is offered. The brief is stricken from the record at appellant's cost.

Judgment reversed with instructions to grant appellant a new trial in conformity to this opinion.