Birchel GILBERT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 19, 1959.

J. B. Campbell, Carlos B. Pope, Barbourville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Birchel Gilbert was convicted of the offense of having in his possession for sale a large quantity of alcoholic "canned heat". The punishment imposed by the jury was a fine of $100 and 30 days to be served in jail.

He moves for an appeal, urging several grounds for reversal, one of which has merit, namely, that the lower court erred in overruling the demurrer to the indictment.

Nowhere in the body of the indictment, in either the accusatory or descriptive part, is it shown the crime was committed in local option or dry territory. A description of the alleged liquor violation charged, with a phrase added indicating the dry character of the place where it occurred, is stated in the caption of the indictment in this language: "Keeping or Having Spirituous, Vinous, Malt or Other Intoxicating Liquor in Possession for Sale. In Local Option Territory."

■ We have many times held that a warrant of arrest or an indictment setting forth an infringement of the local option law must specifically aver that the offense was committed in dry territory. See Farmer v. Commonwealth, Ky., 259 S.W.2d 73; Commonwealth for Use and Benefit of City of Paintsville v. Melvin, Ky., 256 S.W.2d 513; Ramsey v. Commonwealth, 314 Ky. 702, 236 S.W.2d 930; Burton v. Commonwealth, 274 Ky. 655, 120 S.W.2d 213.

■ Nor do we believe the defect was cured by merely noting "In Local Option Territory" in the title of the indictment. In Commonwealth v. Payne, Ky., 245 S.W.2d 581, it was held that neither the caption nor the prefatory portion of an indictment is considered a part of it. Shackleford v. Commonwealth, 270 Ky. 60, 109 S.W.2d 13, 14, had this to say on the point: "To be good, an indictment must charge a public offense in the accusatory part and state the necessary facts constituting such offense in the descriptive part."

It further appears the language of the indictment failed to allege a violation of the local option law. The Commonwealth did not charge Gilbert with an illegal act when it indicted him for unlawfully having in his possession for sale "a large quantity of alcoholic canned heat". There was no averment it was kept for beverage purposes, nor

that the accused had it under circumstances from which it might be deduced he intended it to be consumed internally. KRS 242.010, among other things, sets forth the definition of "alcoholic beverage" and specifically excludes therefrom:

"(h) Alcohol, unfit for beverage purposes, that is to be sold for legitimate external use;

"(i) Alcohol for mechanical and scientific purposes if unfit for beverage; or * * *."

The "canned heat" involved in the instant case was described by the witnesses as being a "hard jelly". A label on one of the containers exhibited in the evidence reads: "For use only as a fuel." There are a number of items commonly sold which contain alcohol but which are not alcoholic beverages within the meaning of the law, such as flavoring extracts, hair tonic, rubbing alcohol, Jamaica ginger, etc. No doubt the Legislature had these commodities in mind when the local option law was enacted in 1936, and it saw fit to eliminate from the application of that law all such alcoholic compounds as "unfit for beverage purposes."

A careful search fails to bring to light a recent decision of this Court on the point raised. However, there are a number of opinions interpreting the old Prohibition Law, enacted in 1920, which held that an alcoholic compound unfit for liquid consumption was not an alcoholic beverage. Most of these involved indictments or warrants based upon having Jamaica ginger in possession for the purpose of sale. In Sams v. Commonwealth, 208 Ky. 324, 270 S.W. 827, the defendant was accused of "violating the Prohibition Law * * * by unlawfully, knowingly and wilfully selling to Ed Fogle, Jamaica ginger, an intoxicant not for medicinal, mechanical, scientific, or sacramental purposes." The indictment was held defective because it failed to aver that the sale was knowingly made for beverage purposes or under circumstances from which the seller might reasonably deduce an inten-

tion of the purchaser to so use it. See also Partin v. Commonwealth, 216 Ky. 823, 288 S.W. 754; Combs v. Commonwealth, 210 Ky. 404, 276 S.W. 111.

We conclude the indictment was defective and therefore demurrable, first, because it failed to set forth in either its accusatory or descriptive parts that the offense was committed in local option territory, and next, because the indictment as written does not allege a violation of the local option law. In the latter connection, it does not charge that the "canned heat" was fit for beverage purposes, or that an intent to sell it for such a use could be reasonably inferred from the accused's having it in his possession.

Wherefore, the motion for an appeal is sustained and the judgment is reversed and remanded for further proceedings in conformity with this opinion.