## Ayers v. Commonwealth.

(Decided April 18, 1912.)

## Appeal from Whitley Circuit Court.

1. Local Option—Sale or Loan of Intoxicating Liquors—Evidence—Submission to Jury.—Upon the showing that the prosecuting witness went to appellant's house, inquired of her for whiskey, was directed by her how he could get it, that following her directions he bought and paid for it, that it was delivered to him in her house, the case should have been submitted to the jury.

2. Local Option—Instructions.—Instead of advising the jury to find appellant guilty if they believed from the evidence that she was present at the time the sale was made and advised or assisted him in making it, they should have been told that although the sale was made by Hartley, yet if they believed the whiskey sold by him belonged to appellant, or that she had some interest in or profited by the sale, and that she advised and consented to or countenanced its sale, they might find her guilty.

3. Local Option—Instructions.—In advising the jury that "no trick, device, subterfuge or pretense shall be allowed to evade the operation * * * of the law," there being no evidence tending to show that a trick, device or pretense had been resorted to, if the court intended that the law as given should be so applied he should have informed the jury in appropriate language that if they believed from the evidence beyond a reasonable doubt that appellant owned the whiskey and that the sale was made in pursuance of a trick, device or scheme for the purpose of evading the law, then they might find her guilty. The idea embodied in the abstract proposition should have been made applicable to the facts of the case.

W. R. HENRY and TYE & SILER for appellant.

JAMES GARNETT, Attorney General, J. B. SNYDER and J. C BIRD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Julia Ayres was proceeded against in the Whitley Circuit Court by information filed by the Commonwealth's Attorney on the charge of selling, bartering and loaning directly or indirectly spirituous, vinous and malt liquors to one George Lawson. Upon a trial she was found guilty as charged and her punishment fixed at a fine of $60. From that judgment she appeals.

The evidence for the Commonwealth shows that the witness, George Lawson, in company with Scott Goins and Will Provins, went to the dwelling house of appel-

lant on Sunday morning and, having entered the house, Lawson inquired of her if he could get some whiskey, and she told him to see Will Hartley. He thereupon gave to Hartley a dollar and a half. Hartley left the room and in a few moments returned with two pints of whisey, which he delivered to Lawson. Appellant testified that Lawson did not ask her for any whiskey, that she did not have any, or did not sell or direct or authorize any one else to sell him any, and that she was not present when Hartley was asked to sell him any. It was shown by the Commonwealth that appellant owned a building across the street from her residence, known as the ''Blue Front,'' where Hartley ostensibly conducted a soft drink stand, but was in reality selling liquor. Appellant denied having rented her building, the ''Blue Front,'' to Hartley, or that he had been using it for the purpose of conducting a soft drink stand therein. Hartley is shown to have spent much of his time around and about her place, and there are circumstances brought out in the evidence tending to show that his business there was to aid appellant in the sale of liquor.

Clearly, upon the showing that the witness went to appellant's house, inquired of her for whiskey, was directed by her how he could get it, and that, following her directions, he bought and paid for it, and it was delivered to him in her house, the case should have been submitted to a jury. And it is not seriously contended that it should not have been; but it is insisted that the court erred in instructing the jury in several particulars.

Complaint is made of the instructions individually and collectively upon three grounds: First, because they failed to advise the jury as to the time within which the sale, if any, must have been made before a conviction could be secured; second, because they authorized a conviction if appellant was present and aided and assisted Will Hartley in selling the liquor; and third, because there was incorporated in instruction No. 2 an abstract proposition of law and the jury was not advised as to the purpose for which it was incorporated in the instruction or might be considered.

The court should have told the jury that they must believe from the evidence that the sale was made within the twelve months next before the finding of the indictment before they could convict. The indictment charges that the sale was thus made, and the evidence beyond

question shows that the sale was made by Hartley within the time limit, and the failure of the court to tell the jury that the offense must have been committed within twelve months next before the finding of the indictment, while error, was not prejudicial.

In instruction No. 2 the jury was authorized to find appellant guilty if they believed from the evidence that she was present at the time this sale was made by Hartley and advised or assisted him in making it. This was not a true or correct exposition of the law. It is not enough that she was present and advised and assisted in making the sale. But, in order to authorize her conviction, she must have either owned the whiskey that she thus aided and assisted in selling or else must have had some interest in the proceeds of sale or reaped some profit therefrom. South v. Commonwealth, 79 Ky., 493. If this instruction had told the jury that, although they believed the sale was made by Hartley, yet if they believed that the whiskey so sold by him belonged to appellant, or that she had some interest in or profited by the sale, and that she advised, assisted, consented to or countenanced its sale, then they might find her guilty, the instruction would not be subject to criticism. Before one can be convicted of the offense of selling liquor in violation of the local option law it must be proven either that the sale was made by the one so charged, or else that the liquor belonged to him or he had an interest in its sale and he suffered or procured some one else to make the sale for him; in which event he would be as guilty as though the sale had been made by him in person. Hence, where there was evidence tending to show that the sale was made, not by appellant, but by Will Hartley, it was incumbent upon the Commonwealth to prove that the liquor so sold belonged to appellant, or that she had some interest in the proceeds of the sale and advised, procured or consented to the sale thereof by Hartley. Giving to the instruction under consideration the broadest and most liberal interpretation, it fails to convey this idea and the jury could not have so understood it; but under it they would have been authorized to find appellant guilty even though they believe from the evidence that the whiskey did not belong to her or that she had no pecuniary interest in its sale.

The third objection is likewise well taken. The court said at the conclusion of instruction No. 2: "No trick,

device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquor in local option territory.'' There was no evidence tending to show that a trick, device, subterfuge or pretense had been resorted to by defendant for the purpose of evading the law, unless the sale by Hartley under the circumstances described by the witnesses should be regarded by the jury as amounting to such. If the court intended that the law as given should be so applied he should have in appropriate language informed the jury that, if they believed from the evidence beyond a reasonable doubt that appellant owned the whiskey, and that the sale thereof under the circumstances through Hartley was a trick, device or scheme, resorted to by her for the purpose of evading the law, then they might find her guilty, etc. The idea embodied in this abstract proposition should have been made applicable to the facts in the case as above indicated.

Judgment reversed and cause remanded for further proceedings consistent herewith.