## Pezzerossi v. Commonwealth.

(Decided April 30, 1926.)

## Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Affidavit Stating that Affiant has Reasonable Grounds to Believe, and Does Believe, that Intoxicating Liquors are Illegally Possessed in "House, Building or Premises Located and Described as Follows: One Dwelling and Outbuildings," Held Insufficient on which to Issue Search Warrant.—Affidavit, stating that affiant has reasonable grounds to believe, and does believe, that intoxicating liquors are illegally possessed in "house, building or premises located and described as follows: One dwelling and outbuildings," held insufficient on which to issue search warrant because not naming any one or stating accused possessed intoxicating liquor, or that any one was the owner or occupant of the house, or describing or locating it.

2. Searches and Seizures—Affidavit for Search Warrant, which Fails to State Facts Upon which Court May Determine the Existence of Probable Cause, is Insufficient to Authorize Issuance of Search Warrant.—Affidavit for search warrant, which fails to state facts upon which the court may determine the existence of probable cause, is insufficient to authorize issuance of search warrant.

3. Searches and Seizures.—Under Constitution, section 10, existence of probable cause for issuing search warrant is a question for the court.

4. Searches and Seizures—Affidavit for Search Warrant, Merely Stating that Affiant's Daughter Informed Him of Facts Stated Therein, and Not Otherwise Corroborated, is Insufficient.—Affidavit for issuance of search warrant, which merely states that affiant's daughter informed him of the facts stated therein, and which is not otherwise corroborated, is insufficient to confer jurisdiction to issue the search warrant.

5. Criminal Law—Where affidavit for Search Warrant is Fatally Defective, Refusal to Quash and Permitting Introduction of Evidence Discovered Thereunder is Error.—Where affidavit for search warrant is fatally defective, refusal to quash a search warrant and the affidavit, and permitting the introduction of evidence growing out of the discoveries brought about by the search, is error.

6. Criminal Law—That Accused, After Court Erroneously Ruled that Search Warrant was Valid, Took Witness Stand to Defend on Another Ground and Admitted Possessing Evidence Discovered, was Not a Waiver of Objection to Admitting Evidence Secured by Search Warrant.—That accused, after court erroneously ruled against him on validity of search warrant, took witness stand to defend on another ground, and admitted possessing evidence discovered, was not a waiver of his objection to the admission of

evidence growing out of discoveries brought about by the search warrant.

B. M. JAMES and JOE HOBSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. OREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

In June, 1925, a constable of Floyd county filed before a justice of the peace the following affidavit, to-wit:

"The affiant, J. B. Clark, C. F. C., whose post-office address is Garrett, state of Kentucky, states that he is a constable of Floyd county, Kentucky, and that he has reasonable grounds to believe, and does believe, that intoxicating liquors are being sold, manufactured, disposed of or illegally possessed in a house, building or premises, and located and described as follows: one dwelling and outbuildings. That he bases the foregoing affidavit, and his belief and grounds for same, upon the following facts and for the following reasons: that his daughter informed affiant."

With this affidavit as the only basis the justice of the peace issued a search warrant commanding the search of appellant's residence and the outbuildings and premises adjacent thereto, and setting forth the location of such residence.

Acting under this search warrant the constable, accompanied by other officers, went to appellant's residence and there searched the same and found a quantity of what is referred to in the record as "home brew," and which the evidence discloses had been made by appellant's wife.

Thereafter a warrant was issued by the justice of the peace charging appellant with the possession of intoxicating liquor, and upon his trial before the justice he was convicted. An appeal was prosecuted by him to the circuit court of the county, and there again he was convicted, and from the judgment in that court this appeal is prosecuted.

After a transcript of the proceedings in the magistrate's court was filed in the circuit court, including the

affidavit and the search warrant, and at the next term and before the trial in the circuit court the defendant entered a motion therein to quash the search warrant and the affidavit upon which the same had been issued. That motion does not appear to have been acted upon, but on the day of the trial, and before the trial was entered into, the defendant again entered such a motion which was overruled by the court.

On the trial the defendant throughout objected to all evidence offered by the Commonwealth based upon the evidence disclosed by the search warrant, but the court in each instance overruled his objection.

It appears that at the time of the search, when the presence of the "home brew" had been disclosed, not only the officers but several other persons were present, and that appellant asserting that the product was not in fact intoxicating, a number of those present, at his invitation, partook, some of them freely, of the "home brew" to determine whether or not it was intoxicating.

After the court had declined to quash the search warrant and the affidavit, and had permitted on the trial the introduction of such evidence over his objection, the defendant took the stand and admitted the possession of the "home brew," but his evidence was very plain and explicit to the effect that it was not intoxicating. Not only so, he introduced a number of witnesses, including a physician, who gave evidence corroborating his evidence that the "home brew" was not intoxicating; and while there was evidence for the Commonwealth tending to show it was intoxicating, the evidence as a whole is rather convincing to the contrary.

It does not appear that any of the "home brew" so disclosed by the search was present at or introduced on the trial; but the testimony of all the witnesses is based upon its discovery under the search warrant, and the evidence of its intoxicating nature is based upon the sampling by the witnesses after such discovery. So that but for the discovery made by the search there was no evidence of possession by defendant, or of the intoxicating nature of the beverage.

It would hardly seem to be necessary to point out the total insufficiency of the affidavit in question as the basis for the issual of a search warrant. It fails to call the name of appellant or any other person, or to state in any way, or in any manner, that appellant was in possession of intoxicating liquors; it only says that affiant

believes and has ground to believe that such liquors are "illegally possessed in a house," without any statement that appellant or any one else was the owner or occupant of such house. Not only so, neither the dwelling house nor the premises where it is located, or the outbuildings connected therewith are either described or located; the description of the house is "one dwelling and outbuildings," but there is a total failure to give any location whatsoever of such dwelling and outbuildings, it not even appearing from the affidavit that they are situated in Floyd county. If such an affidavit is sufficient basis for issuing a search warrant, then the justice might have issued same directing the search of any residence in Floyd county or elsewhere. Then again it was insufficient as a basis for the issual of a search warrant because the information upon which the affiant purports to base his belief states no sufficient facts upon which the justice might have determined the existence of probable cause. Under section 10 of our Constitution the existence of probable cause for the issual of a search warrant is a question for the court, and it is necessary for such an affidavit to put before the court such facts as will enable it to determine the existence of such cause. The affidavit in this case gave no individual from whom any such information had been obtained, but merely said "his daughter informed affiant," without giving the nature of such information nor the name of the person from whom it came. Such an affidavit merely based upon information and belief, and not otherwise corroborated, does not furnish the facts necessary to confer jurisdiction upon the court or magistrate to issue a search warrant. Price v. Commonwealth, 195 Ky. 711.

It is clear, therefore, that the affidavit was fatally defective in each of the three respects named, and did not confer jurisdiction upon the justice to issue the search warrant. It follows, therefore, that the court erred in refusing to quash the search warrant and affidavit, and in permitting to be introduced against appellant any evidence growing out of discoveries brought about by the search.

But it may be said that because appellant failed to stand upon the incompetency of this evidence and took the stand as a witness and confessed the possession of the "home brew" that he thereby waived the question of competency, and his conviction should stand. But appellant did not confess his guilt of the charge of posses-

sion of intoxicating liquors; he merely went upon the stand as a witness after the court had erroneously decided the question of evidence against him, and testified upon a wholly different defense, to wit, that the "home brew" of which he was in possession was not in fact intoxicating.

Obviously a defendant who has what he conceives to be two perfectly good defenses to a charge should not be deprived of relying upon one of them because the court on a preliminary question as to the competency of evidence as to the other defense, has erroneously ruled against him. To so rule would deprive him wholly of presenting his other defense.

All of the evidence presented against appellant as to possession was disclosed by the illegal search, and that being incompetent, his motion for a directed verdict of not guilty should have been sustained.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith. Whole court sitting.