## Burton et al. v. Commonwealth.
(Decided Sept. 27, 1938.)

KENNEDY & KENNEDY for appellants.

HUBERT MEREDITH, Attorney General, and JOHN M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Lettie Burton, Tully Burton, and Mrs. Tully Burton were arrested under a warrant issued by the Pulaski quarterly court charging them with the unlawful possession of intoxicating liquor in territory wherein the Local Option Law, Kentucky Statutes, section 2554c-1 et seq., was at the time in full force and effect. Lettie Burton is the mother of Tully Burton. On their trial in the quarterly court, Mrs. Tully Burton was acquitted, and Lettie Burton and Tully Burton were convicted. They appealed to the Pulaski circuit court where they were again convicted, and the punishment of each fixed at a fine of $50 and confinement in the county jail for thirty days. They have filed a motion for an appeal in this court, insisting that the evidence was not sufficient to sustain the verdict; that the affidavit for the search warrant was insufficient and was fraudulently obtained, and, consequently, the evidence obtained as a result of the search of appellants' premises was incompetent. They also contend that the trial court should have directed a verdict of acquittal, since the commonwealth failed to prove that the Local Option Law was in full force and effect in Pulaski county at the time charged in the warrant.

Armed with a search warrant issued by the judge of the Pulaski quarterly court, several peace officers went to the home occupied by appellants. Lettie Burton was in the yard, and Mrs. Tully Burton was in the house when the officers arrived. The officers testified that Mrs. Tully Burton locked the doors when they demanded admittance for the purpose of searching the premises, and they were compelled to enter the house by force. They encountered strong odors of whisky, and found a half gallon jar on the kitchen floor which had contained liquor. They also found on the premises about forty empty bottles and jugs. There was a strong odor of whisky in the kitchen sink, indicating that whisky had been poured into the sink recently. A pipe 1½ inches in diameter and 40 feet in length connected the sink with an underground receptacle in the yard. There was a strong odor of whisky at the outlet of the pipe. Evidence was also introduced showing that the reputation of each of the appellants for trafficking in in-

toxicating liquors was bad. There was ample evidence to sustain the jury's finding on the question of illegal possession.

The affidavit on which the search warrant was based was sworn to by Hulen Massey, a policeman. The affiant stated that his grounds for belief that intoxicating liquors were being kept for sale on the premises, which were described with sufficient particularity, was "that he was told by James Jasper, chief of police, that liquor was stored there for the purpose of sale, and that there is some on the premises now." The affidavit gave the name of the individual from whom the information had been obtained, and the information on which the affiant based his belief was a positive statement that liquor was then stored in the described house for the purpose of sale. The affidavit differs materially from the ones in Pezzerossi v. Com., 214 Ky. 240, 282 S. W. 1097, and other cases cited by appellants. It contained a positive statement of the ultimate facts authorizing the search, and was sufficient to create in the mind of a reasonable person the belief that the named offense had been committed. Wells v. Com., 221 Ky. 796, 299 S. W. 975. As was said in Goode v. Com., 199 Ky. 755, 252 S. W. 105, 107:

"The affidavit in this case contains a statement of the ground of the affiant's belief, and gives the name of the person furnishing the information; also the circumstances under which he obtained it, as well as those pertaining to the disclosures made to the affiant. Of course the statements made to the maker of the affidavit would not be admissible in evidence to prove the charge, but, nevertheless, the affidavit contains statements of fact as to a conversation and the information imparted in that conversation, and the officer issuing the warrant had the right to consider those statements in determining whether there existed probable cause for issuing the warrant."

We find no evidence that the search warrant was fraudulently obtained.

It nowhere appears in the record that the Local Option Law was in effect in Pulaski county when the alleged offense was committed. The commonwealth failed to introduce proof to establish this fact, and, for this reason, the judgment must be reversed. Kentucky

Stats., section 2554c-35; Crigler v. Com., 120 Ky. 512, 87 S. W. 276, 27 Ky. Law Rep. 918; Nicols v. Com., 87 S. W. 1072, 27 Ky. Law Rep. 1176; Combs v. Com., 104 S. W. 270, 31 Ky. Law Rep. 822.

The motion for an appeal is sustained, and the judgment is reversed, with directions to grant appellants a new trial.