## Minx v. Commonwealth.

May 10, 1940.

Franklin P. Stivers, Judge.

J. R. Llewellyn and Sylvester V. Little for appellant.

Hubert Meredith, Attorney General, and Harry D. France, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

On February 15, 1940, the grand jury of Laurel county by a true bill charged appellant with a violation of the commonwealth's liquor laws. Whether the indictment charges an infraction of the Alcoholic Control Act, Acts 1938, c. 2, or of the local option law, Kentucky Statutes, Section 2554c-1 et seq., it is impossible to determine.

The accusative part charges Minx with having in his possession spirituous liquors, to-wit; taxed liquor, without having a license so to do. In the descriptive portion it was said that Minx unlawfully had in his possession spirituous liquor, to-wit; taxed liquor in a local option territory, "in which said intoxicating liquor is prohibited to be sold."

There was a demurrer to the indictment, which does not appear to have been passed on by the court; there was no motion to elect. If the charge intended to relate to a violation of the local option law, under proper indictment, it would make no difference whether the spirits were tax paid or not, and we cannot conceive how he could have license to sell in local option territory.

Upon trial the jury found appellant guilty, and fixed his punishment at a fine of $100 and 45 days confinement in jail, being within the limits fixed for a violation of the local option laws. Appellant filed in support of his overruled motion for a new trial ten or more grounds, but here he is only urging two or three, among which is the admission of testimony which he contends should not have been admitted. The court entered judgment in accord with the verdict, and directed the sale of an automobile in which the liquor was found at the time of a search. From the penalty judgment there is motion for an appeal; from so much of the judgment as confiscated the automobile, the appellant was granted appeal.

The proof as to the seized automobile is very meager. The officer seizing the whisky merely said: "I took it out of his car." There was no mention as to value, or the kind, make or condition of car, except in so far as is set out in the order of sale entered by the court, which made no mention of value. There is no proof that the officers seized the car at any time. For aught we know, the car's value may have been too small to give this court jurisdiction, even when hooked up with the fine assessed. However, since we have determined that error was committed, we take up the case on appellant's motion for appeal.

The chief arresting officer after saying he had taken the liquor out of appellant's car, testified as follows:

"Q. Under what authority did you arrest Minx

and take the liquor testified to? A. I had a warrant of arrest for selling liquor.

"Q. From what court? A. County court, I had a search warrant."

He further says the containers had thereon the necessary tax stamp and labels. He and others testified that Minx had the reputation of being an illegal whisky seller. The only question and answer which developed that the local option law was in effect, is as follows: "Is Laurel County a local option territory? A. Yes, sir."

We are not passing on the question as to whether or not this is sufficient proof of the fact that the County had adopted the local option provisions of our statute. However, in order to evade any argument on the question it would be a better practice to prove it in a more satisfactory manner, and a record is always the best evidence. It may be also suggested that it would be good practice to prove that the law was in effect at the time of the commission of the offense charged. We reversed Burton v. Com., 274 Ky. 655, 120 S. W. (2d) 213, 214, on the sole ground of lack of proof that the law was in effect "when the * * * offense was committed."

It appears that appellant had in his possession three quarts of whisky (in smaller containers), all bearing necessary tax payment stamps, which liquor appellant says he procured from a licensed dealer in Pineville and for his personal use. As we read the proof, he had the whisky in the trunk of his automobile. He says when the search was made he was not in the car, but in a neighboring house. The officers, or one of them at least, says he was in the automobile, but this variance is immaterial in so far as the search was concerned.

At the outset of the trial appellant by counsel moved the court to require the commonwealth to say, in particular, whether or not the indictment was returned on proof obtained under a search warrant; to produce a copy of the search warrant, and the affidavit upon which the warrant was issued. The court overruled this motion, and when proof of seizure was introduced, counsel for appellant objected, but the court overruled the objection.

The difficulty we find in even discussing the question, results from the extremely loose method in which

this case was presented to the jury for its consideration. The officers who made the search and found the whisky, do not say they saw the whisky in the car before the arrest was made, in which case the seizure might have been made without exhibiting a search warrant. Rowland v. Com., 202 Ky. 92, 259 S. W. 33; Adkins v. Com., 202 Ky. 86, 259 S. W. 32. Here it seems that one of the officers "unlocked the trunk." They admit appellant was violating no other law at the time.

It is absolutely impossible for us to tell from the scraps of evidence whether the arrest (if any) was made before or after the search. The officers do not attempt to make it plain. It is clear from the proof that appellant did not agree for the officers to search his car. They say so themselves.

As far back as Youman v. Com., 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, we held that neither the person, premises, nor the baggage of a person, could be lawfully searched or seized without a valid search warrant, following a specific affidavit as its basis. In Craft v. Com., 196 Ky. 277, 244 S. W. 696, we reviewed the Youman case, and held that where the testimony in respect of the search and seizure is objected to, oral testimony as to the holding of a warrant, and search made thereunder, is insufficient and that the warrant, if lost or misplaced, must be accounted for by one competent to testify on the subject.

Here, notwithstanding appellant's counsel objected to the evidence, and by bill of particulars demanded the search warrant and the affidavit, there was no effort to comply, and the court permitted the testimony of the search to be introduced over the repeated objections of accused. This proof was the only evidence which established the guilt of accused.

While the defensive instruction is not made the subject of serious complaint, we are of the opinion that it was error to limit the defense of appellant to the possession or use of the liquor "for medicinal, scientific, religious or mechanical purposes," as it did. Under a prosecution for violation of the local option law or the liquor control act, the court is not justified in thus limiting the intended purpose or use. The instruction as given embraces a relic of the 18th amendment to the Federal Constitution, Section 226a of our Constitution,

prior to repeal of those provisions, and the Rash-Gullion Act, Acts 1922, c. 33, which has been repealed, at least by implication.

It is suggested that the indictment of appellant should be more specific; there should be no effort to charge a violation of two different effective laws; we are not reversing solely on this ground, but mainly on the ground that the search and seizure proof was incompetent, with directions to award appellant a new trial.

Motion for appeal sustained, and judgment reversed.