## Sipple v. Commonwealth.

Oct. 30, 1945.

W. N. Flippin for appellant.

Eldon S. Dummit, Attorney General, and Emmet V. Mittlebeeler, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The grand jury of Pulaski county returned an indictment against C. M. Sipple charging him with the offense of ''unlawfully having in his possession for the purpose of sale, spiritous, vinous, malt or other intoxicating liquor in a territory wherein the Local Option Law was at the time in full force and effect.'' The sheriff and several of his deputies, armed with a search warrant, searched the home of the accused and found four or five gallons of tax paid whisky in quart and pint bottles. The accused claimed that he had purchased the whisky in Danville, Kentucky, for his personal use and not for sale. Upon his trial he was convicted, and his punishment fixed at a fine of $100 and confinement in the county jail for a period of sixty days. He has filed a motion in this court for an appeal, and seeks reversal of the judgment on the ground that no proof was offered to show that the Local Option Law was in force in Pulaski county at the time the alleged offense was committed.

KRS 242.430 provides that the indictment charging the commission of an offense under the Local Option Law need not allege that a vote was taken or an election held in the territory where the offense is alleged to have been committed, but it may simply allege that the act charged was committed in dry territory and was a violation of the prohibition statutes. This statute was intended to eliminate the technical allegations formerly required in an indictment under the Local Option Law, but pleading and proof that the offense was committed in local option territory is still required. In Crigler v. Commonwealth, Ky., 83 S. W. 587, 588, a statute which was part of the Local Option Law prior to the adoption of national prohibition, and which was substantially.

the same as the present statute, was construed. The court said: "The act of 1902 (section 2557b, Ky. Stats. 1903) only dispenses with the former prolixity of pleading in alleging violations of the statute of 1894, by allowing the substitution of the simple allegation that it was in force in the territory where the sale complained of was committed, for the former intricate detail. But it is none the less incumbent upon the Commonwealth, under a plea of not guilty, to prove all the facts on which the allegation in the indictment stands. It is too elementary to require argument that all of the facts required to be stated in an indictment must be proved when placed in issue. The allegation that the local option law is in force in the given territory is required by the statute of 1902 (section 2557b, Ky. Stats.) This necessary evidence was not adduced on the trial, and the motion for a peremptory instruction should have prevailed."

The present statute has been similarly construed in Howard v. Commonwealth, 285 Ky. 486, 148 S. W. 2d 336, and Burton v. Commonwealth, 274 Ky. 655, 120 S. W. 2d 213.

There was no proof that the Local Option Law was in force in Pulaski county, and the court erred in overruling appellant's motion for a directed verdict of acquittal. The Attorney General frankly concedes that the judgment should be reversed.

The appeal is granted, and the judgment is reversed, with directions to grant appellant a new trial.