## Musgrove et al. v. Commonwealth.

Jan. 29, 1946.

C. B. Upton for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

476

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mose Musgrove and his wife were charged with selling whiskey in local option territory. They were found guilty and the punishment of each was fixed at a fine of $100 and 30 days in jail. They have moved this Court for an appeal on the grounds that they were entitled to a peremptory instruction, because there was no proof showing that McCreary County is in local option territory, and because the court erred in instructing the jury. Their appeal is granted because we think both of their contentions are well grounded.

There was no evidence showing that McCreary County is in local option territory. This constituted a reversible error. Minx v. Commonwealth, 283 Ky. 14, 140 S. W. 2d 658; Sipple v. Commonwealth, 300 Ky. 725, 190 S. W. 2d 354.

The second paragraph of Instruction No. 1 follows: "Or, if you believe from the evidence to the exclusion of a reasonable doubt that the defendant, Mrs. Mose Musgrove, in McCreary County, Kentucky, and within one year next before the finding of this indictment, sold either directly or indirectly to the witness, Jerome White, the moonshine whiskey mentioned in the evidence, for which he paid $3.00, or any sum, and that said liquor, or any part of it belonged to the defendant, Mose Musgrove, or he had any interest therein, directly or indirectly, or expected any reward or pay, or compensation for such liquor, or that his codefendant, Mrs. Musgrove, was handling said liquor for the use and benefit of them both, using the proceeds to support the two of them, or the home, or any part thereof, and that the defendant, Mose Musgrove, was receiving some consideration and pay, or compensation from and out of said transaction and sale of liquor or liquors, then you will find the defendant Mose Musgrove and Mrs. Mose Musgrove, each guilty as charged in the indictment and fix their punishment as set out above." Since the principal witness for the Commonwealth testified that he purchased a pint of moonshine whiskey from Mrs. Musgrove in the kitchen of the Musgrove home while Mose Musgrove was in the front room, the instruction should have been so framed as to authorize the jury to find both of the Musgroves guilty if the sale was made by Mrs.

Musgrove with the knowledge and consent of her husband.

The second paragraph of the second instruction follows: "No trick, subterfuge, or device indulged in by either of the defendants, or any one of them, shall be allowed to defeat the operation and enforcement of this statute against the sale of liquor in this county." There was no evidence showing that the Musgroves resorted to any trick, subterfuge or device to defeat the operation and enforcement of the local option statute, so there was no reason for the giving of this instruction. Ayers v. Commonwealth, 147 Ky. 801, 145 S. W. 1106; Stanley's Instructions to Juries, section 909.

Judgment reversed, with directions to set it aside and for proceedings consistent with this opinion.