## Johnson v. Commonwealth.

October 24, 1950.

James S. Forester, Judge.

752

Astor Hogg for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Sustaining motion and reversing judgment.

Elhannon Johnson has moved this court to grant him an appeal from a judgment convicting him of the offense of having intoxicating liquor in his possession in local option territory for the purpose of sale, and fixing his punishment at a fine of $100 and thirty days in jail. He urges three grounds for reversal: 1. Incompetent evidence was introduced against him; 2. the verdict is flagrantly against the evidence; 3. his motion should have been sustained for a directed verdict.

The incompetent evidence complained of is that introduced under the "John Doe" search warrant issued upon the affidavit of the sheriff. Complaint is made that the search warrant did not authorize the search of the trailer in which he was living and in which the whiskey was found. The sufficiency of the affidavit is not questioned. The warrant directed the search of "the person of 'John Doe,' or the automobile, or truck or the houses, the outbuildings and adjacent premises now used by the accused John Doe, which is now located in Harlan County, Kentucky and is described as follows, to wit: being the last building on left side of Main Street at the corporation city limits, City of Harlan, Ky., leading to Baxter, Ky., used as a Pure Oil filling station, etc."

The proof shows that the trailer in which appellant and his wife then lived was under the roof of the filling station, or at least that part of the roof which extended over the grease rack, but was separated by a partition from the room where the oil and other merchandise were kept. In Com. v. Elliott, 305 Ky. 554, 204 S. W. 2d 948, we upheld a search warrant from Harlan County in practically the same form as is the one now under consideration. In that opinion we said the search warrant must sufficiently describe the property so as not to be a dragnet and leave to the discretion of the officer the place to be searched. But we there cited with approval Ingram v. Com., 200 Ky. 284, 254 S. W. 894, 895, which

held that a search warrant describing the property as "one frame house, barns, smokehouse and other outbuildings" authorized the search of all of these buildings as well as the adjacent lands as were necessarily parts of the premises occupied by Ingram as a residence. In Caudill v. Com., 198 Ky. 695, 249 S. W. 1005, we upheld an affidavit for a search warrant which described in the alternative three places in which liquor might be found.

As the place where the trailer was located was so closely connected with the filling station as to be a part thereof, we are of the opinion that it was sufficiently described in the warrant to authorize a search of the trailer when the filling station was searched by the officers. Certainly, it comes within the description of "the outbuildings and adjacent premises now used by the accused."

In this trailer six half-pints of whiskey were found in or on the bed. Both appellant and his wife testified the whiskey was purchased by her legally, belonged to Mrs. Johnson and she was using same under a doctor's orders for her health. But several witnesses testified appellant's reputation for handling and selling whiskey was bad. The court gave an affirmative instruction that if they believed the whiskey was the property of Mrs. Johnson, they should acquit the accused. In the circumstances it was the jury's duty to determine whether the whiskey belonged to the husband or his wife and it cannot be said their verdict is flagrantly against the evidence.

No evidence was introduced that Harlan County was local option territory. We have consistently held in a prosecution for violation of the local option law that it is incumbent upon the Commonwealth to prove local option was in effect at the time the offence was committed, and failure to prove this fact is reversible error. Crigler v. Com., 120 Ky. 512, 87 S. W. 276; Burton v. Com., 274 Ky. 655, 120 S. W. 2d 213; Musgrove v. Com., 301 Ky. 475, 192 S. W. 2d 400. The learned assistant attorney general who briefed the case for the Commonwealth admitted with commendable frankness that when the Commonwealth failed to prove Harlan County was local option territory the court should have sustained appellant's motion for a directed verdict.

The motion for an appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.