**COMMONWEALTH, for Use and Benefit of CITY OF PAINTSVILLE v. MELVIN.**

Court of Appeals of Kentucky.

March 27, 1953.

J. D. Buckman, Jr., Atty. Gen., Ed. H. King, Paintsville, for appellant.

R. B. Harrington, Paintsville, for appellee.

DUNCAN, Justice.

The appellee, Ralph Melvin, was convicted by a judgment of the police court of the city of Paintsville of the offense of having intoxicating liquor in his possession for the purpose of sale in local option territory. Upon appeal to the circuit court, the affidavit in support of the search warrant was quashed, thereby eliminating the only evidence upon which a conviction might have been obtained. The Commonwealth declined to plead further or to introduce proof, and the warrant was dismissed and the judgment of the police court was vacated. The appeal, pursuant to Section 347, Criminal Code of Practice, is by the Commonwealth for the use and benefit of the city of Paintsville.

The only question presented on the appeal is whether or not the affidavit for the search warrant is required to state that the premises to be searched are situated in local option territory.

We have many times held that a warrant of arrest or indictment charging a violation of the local option law must specifically allege that the offense was committed in local option territory. Johnson v. Commonwealth, 299 Ky. 72, 184 S.W.2d 212; Sipple v. Commonwealth, 300 Ky. 725, 190 S.W.2d 354. The lower court by analogy has applied that rule to affida-

vits for search warrants issued under the authority of the local option law. KRS 242.370(4).

 Although less formality is required of a warrant of arrest than in the case of an indictment, the general objects of both are: (1) to furnish the accused with such a description of the charge against him as will enable him to prepare his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same offense; and (2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained.

In contrast with either a warrant of arrest or an indictment, the object of an affidavit for a search warrant is not to charge all of the elements or prerequisites of a given offense. It is intended merely to supply written evidence of facts which are such that a reasonably discreet and prudent person would have probable cause for believing that an offense has been committed and evidence material to a prosecution of the offense might be obtained under the search. The distinction was recognized in Prater v. Commonwealth, 216 Ky. 451, 287 S.W. 951, where it was said:

> "Appellant insists that neither the affidavit nor warrant [search] charges a public offense, and that his demurrer should have been sustained. The affidavit for it and the search warrant itself do not contain the charges under which appellant was tried. In other words, they do not constitute the pleading preferring the charge of the commonwealth against defendant."

If it is necessary for an affidavit for a search warrant to charge every element of a public offense, it would logically follow that it should contain the allegation required by Section 123, Criminal Code of Practice, that the offense charged was "against the peace and dignity of the Commonwealth of Kentucky", and if charging a statutory offense that the acts alleged were "contrary to the form of the statute in such cases made and provided." Such a requirement has never been imposed by this or any other Court so far as we are able to determine.

We think the affidavit here furnished probable cause for the belief that intoxicating liquor was being unlawfully possessed in or about property to be searched. The motion to quash the affidavit should have been overruled.

The judgment is reversed for a new trial in the circuit court with directions to overrule the motion to quash the affidavit for the search warrant.