### BLEVINS v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 22, 1953.

Robert M. Stephenson, Ashland, for appellant.

J. D. Buckman, Jr., Atty. Gen., and William F. Simpson, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

The appeal is from a judgment of conviction for the offense of possessing intoxicating liquor for sale in local option territory. Punishment was fixed at sixty days in jail and a fine of $100.

The appellant and her husband, Charley Blevins, were in possession of a building in Ashland, Kentucky, in which they operated a restaurant. On June 29, 1951, police officers of the city conducted a search on the restaurant premises under the authority of a search warrant and found ten pints of Gibson wine, five fifths of Guild wine, and three "broken" half-pints of whiskey. The intoxicants were concealed beneath a trap door between the restaurant kitchen and a small bathroom.

Upon the trial, the Commonwealth proved the search and seizure and that the appellant bore a bad reputation for selling intoxicating liquor in violation of the local option law. The appellant defended on the ground that she did not know the wine and whiskey were concealed on the premises; that after the search she learned that her husband and one Shorty Grubb brought the whiskey and wine to the restaurant on the morning of the day of the search and there concealed it without her knowledge at a time when she was absent. She testified that she owns and operates another restaurant in Ironton, Ohio, and had been at that place all day on the day of the search and did not know of the existence of the intoxicants until after they were found by the officers. She was corroborated by her husband, who testified that he and Grubb brought the whiskey to the restaurant for their own use and hid it from appellant to keep her from pouring it out.

The appellant urges as a ground for reversal that the court erred in failing to give the jury a concrete instruction on her affirmative defense.

The opinions of this Court have not been altogether consistent in determining under what circumstances an affirmative instruction covering the defendant's theory of a case is required. A recognition of the inconsistencies and an unwillingness to follow the rule sometime applied were indicated by the recent dissent of Chief Justice Cammack and Justice Combs in Hammons v. Commonwealth, Ky., 252 S.W.2d 51. The recent case of Reynolds v. Commonwealth, Ky., 257 S.W.2d 514, has eliminated much of the confusion which formerly existed, and the rule there announced is in conformity with the present views of this Court.

Some of the opinions have indicated that a concrete instruction on a defendant's theory is required where the plea is in the nature of a confession and avoidance, by which a defendant admits the act charged but seeks to justify or excuse its commission by showing that the criminal element is lacking. Much of the confusion has arisen from an application of this rule without qualifying it by the well-settled principle that an affirmative instruction is not required if the instruction which submits the Commonwealth's theory is couched in such language that the ordinary layman who sits upon the jury can easily understand

and its negative completely covers the defense of the accused.

In Scott v. Commonwealth, 311 Ky. 419, 224 S.W.2d 458, the Court considered the identical question here presented. There, the defense, as here, was a denial of ownership and a claim that the intoxicants were concealed on the premises without the knowledge or consent of the defendant. It was held, with one member of the Court dissenting, that an affirmative instruction should have been given covering defendant's theory of the case. We have re-examined that case in the light of what we now consider the established rule, and we think it is sound and completely consistent with the qualification of the confession and avoidance rule.

 The defense that the intoxicants were placed on appellant's premises without her knowledge or consent is not completely and adequately covered by the reasonable doubt instruction which is the negative of the Commonwealth's theory. As merely illustrating the point, we may assume that appellant's husband and Grubb concealed the whiskey on the premises, but contrary to their statement, their purpose in doing so was to sell it rather than consume it. If concealed on appellant's premises, it was technically in her possession, and if kept for the purpose of sale, its possession was illegal. Under these circumstances, it would not be insisted that appellant had violated the local option law, but the negative of the instruction submitting the Commonwealth's theory does not completely and adequately present the appellant's theory. To be guilty of possessing intoxicating liquor within the meaning of the local option law, it must not only be kept for the purpose of sale but must be subject to the control and management of the accused. Under the circumstances, we think the affirmative instruction should have been given substantially in the form suggested in Scott v. Commonwealth, supra.

We have written at some length in this case because we want to make it clear that we are no longer following the old confession and avoidance rule as the sole test for determining when an affirmative instruction should be given on the defendant's theory of the case. We are firmly committed to the qualification which we have indicated.

The motion for an appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.

CAMMACK and COMBS, JJ., dissenting.