## FARMER v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 19, 1953.

James C. Brock, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MORRIS, Commissioner.

Appellant, convicted of the offense denounced by KRS 242.230, which provides that "No person in dry territory shall sell * * * any alcoholic beverage", moves for an appeal. In brief it is complained that the court committed four prejudicial errors. We have considered them all and find only one point meritorious. That one (D) correctly asserts that the indictment is fatally defective in failing to allege the sale was made in dry or local option territory.

In order to invoke any of the punitive provisions of the local option law the indictment must aver that the local option law was violated. Courts will not take judicial knowledge that a county or district has adopted local option. Eagle v. Burks, 304 Ky. 617, 201 S.W.2d 890. An indictment which fails to allege the sale was made in dry territory, or without license, charges no public offense, and such indictment is fatally defective, as has been held in Sipple v. Commonwealth, 300 Ky. 725, 190 S.W.2d 354; Ramsey v. Commonwealth, 314 Ky. 702, 236 S.W.2d 930; Burton v. Commonwealth, 274 Ky. 655, 120 S. W.2d 213.

It is fair to say that counsel for the Commonwealth admit the insufficiency of the indictment, and make no criticism of the cases above cited.

The motion for an appeal is sustained and the judgment is reversed.