## BATES v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 6, 1953.

Francis M. Burke, Pikeville, for appellant.

J. D. Buckman, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Lula Bates, of bad reputation, operated a soft drink place and restaurant on Indian Creek in Pike County know as the "Mickey Mouse." She lived in the rear of the building with three of her five children. In a connecting three-room house lived Vida Maynard with her three children and an occasional gentleman friend, and Ruby Mullins and two of Mrs. Bates' children. The sheriff and his deputies searched these premises under a warrant on a Saturday night in February, 1951, and found 61 cans of beer, 5 of which were in Lula's personal refrigerator, and the remainder in the rooms occupied by Vida and Ruby. An unopened bottle of whiskey was on the floor of the restaurant where 12 or 15 people had assembled. Mrs. Bates was not at home at the time.

On her trial under an indictment for possessing intoxicating liquor for sale in local option territory, Mrs. Bates testified she did not own any of the liquor and did not know that there was any on the place. Ruby Mullins testified that "just at the edge of dark" that afternoon she had bought two and a half cases of beer, part of which was found in her room, from a woman who had stopped in front of the place. She did not know her, had never seen her before or since the transaction. Vida Maynard's sister and husband from Detroit had bought a case of beer and the three of them had drunk about half of it, leaving the remainder in her room. Dan Damron, who was removed from the place drunk, testified that he, Bobby Bates, a son of the defendant, and a stranger had brought some beer and whiskey to the place, which they had obtained in West Virginia, and had been drinking when the officers came in. He got scared and put the bottle on the floor. They had put the beer in Mrs. Bates' refrigerator in her absence. The three witnesses told the jury that the defendant, Lula Bates, knew nothing about the several stocks of beer they had brought there. It is manifest the jury did not believe any of this testimony for they found the defendant guilty of the charge, placing her penalty at 30 days in jail and a $50 fine.

Unfortunately, the court did not give an affirmative instruction covering the defense, namely, that the defendant did not possess any of this plentiful supply of liquor and that it belonged to and was in the possession of the other persons. The case cannot be distinguished from Blevins v. Commonwealth, Ky., 258 S.W.2d 501, and the cases cited therein, which hold the omission of an affirmative instruction under such circumstances to be prejudicial error. We are constrained, therefore, to sustain the motion for an appeal and reverse the judgment.

Judgment reversed.

CAMMACK and COMBS, JJ., dissenting.