**Pearl SIMPSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 11, 1955.

J. K. Beasley, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

## PER CURIAM.

Appellant was indicted and tried for having seven quarts and two cans of beer in his possession for sale in territory which had been declared legally dry as a result of a local option election. He was convicted and sentenced to 30 days in jail and fined $50. It is urged upon this appeal that the Commonwealth failed to prove that the territory was dry at the time of the offense charged, and that the trial court should have affirmatively instructed the jury to the effect that the appellant claimed that he had the beer for his own use.

■ The officers found the beer under a trap door in a closet in back of appellant's store and filling station, and found also a number of empty beer cases. Evidence was adduced that the appellant had a bad reputation for trafficking in intoxicating liquors. The only evidence offered as to the territory being dry was that of Officer Kelly of the State Police who testified that appellant's place *is* in local option territory. The appellant complains that this evidence does not establish that appellant's place of business was in dry territory at the time of the offense, but only at the time witness Kelly appeared before the grand jury or at the time of the trial itself. While it must be established that the territory was dry at the time of the offense charged, we think that the evidence adduced here was sufficient for that purpose because it was the only reason for admitting it—that is, to show that it was dry territory at the time of the offense. If it had not been dry territory at the time of the offense, the appellant certainly would have called the court's attention to that fact.

■ The trial court gave the usual reasonable doubt instruction, and we believe it was adequate on the facts of this case to present to the jury appellant's defense that he had the beer for his own consumption. If the jury had any reasonable doubt as to whether the appellant had the beer on his premises for the purpose of sale, it necessarily would have had to conclude, on the

basis of the testimony, that appellant had the beer for his own consumption. We think the instruction was couched in such language that it completely and adequately presented the defense of the accused and required no affirmative instruction embodying his theory. In other words, the jury was not misled. See Reynolds v. Com., Ky., 257 S.W.2d 514; Blevins v. Com., Ky., 258 S.W.2d 501; Hancock v. Com., Ky., 262 S.W.2d 670.

Judgment is affirmed.

HOGG, J., not sitting.