Mitchell NOBLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1956.

O. J. Cockrell, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Mitchell Noble, convicted of illegal possession of alcoholic beverages in local option territory for the purpose of sale,

was fined $50 and sentenced to 30 days in jail. He appeals.

The facts are these: Fallen McIntosh, a deputy sheriff of Breathitt County, swore out a search warrant alleging he had seen persons "apparently drunk and under the influence of alcoholic drinks, milling in and out of the dwelling of Mitchell Noble." This officer and Lewis Watkins, the police chief of Jackson, acting pursuant to the warrant searched Noble's house and found 20 cans of beer in the refrigerator. It was also brought out that fragments of two whiskey bottles were discovered in the toilet. These were heard being broken when the officers were entering the house, according to their testimony. The judge, however, in his instructions to the jury made no reference to the possession of any whiskey. The officers who made the raid and found the beer stated that Noble had the reputation of being a bootlegger. The only other witness for the prosecution was Cora Noble, the county court clerk of Breathitt County, who testified Noble's home is located in Breathitt County and that this county is "dry territory". Claiming the evidence was insufficient to convict him, Noble moved for a directed verdict. His motion was overruled.

Noble then presented his defense, which was that he had no interest in or control over the beer. Both he and his wife testified the beer was not his. A third witness of his was Danville Herald. The latter testified he had put 20 cans of beer in Noble's refrigerator since he had no place to keep it cold and since he was planning to work for Noble later in the week and wanted the beer handy so he could drink it after work. It is not clear whether Noble *knew* that Herald had put this beer in his refrigerator. After the court charged the jury, a verdict of guilty was returned, and the punishment we have mentioned was imposed.

Noble urges these grounds for reversal: (1) The evidence was insufficient to sustain the verdict; (2) the lower court erred

prejudicially in not giving a specific instruction, as requested, on his theory of the case, i. e., that the beer was not owned by him and that he had no control over it; (3) the indictment was defective in that the accusative part charged one offense and the descriptive part a different one; (4) the search warrant was not issued on probable cause; and (5) there was no adequate showing that Breathitt County was local option territory. We shall consider these grounds in the order named.

■ Noble's contention that the verdict is against the evidence is wholly untenable. Twenty cans of Budweiser beer were found in the kitchen refrigerator by the searching officers and they testified two one-half pints of whiskey were being gotten rid of at the time the officers entered the home. They heard the noise as the bottles were being broken in the commode and they found the broken bottles and smelled the whiskey which they had contained. This evidence was coupled with the further testimony that Noble's reputation for trafficking in liquor in the community was bad. We conclude such direct evidence pointed to the guilt of the accused and that the case was properly submitted to the jury for determination.

■ Did the trial court commit a reversible error when it refused to give the instruction Noble requested? We believe it did. It is the present view of this Court that a special instruction should be given, in a case such as this, where it develops on the trial that there is evidence which tends to establish a defense other than one of simple denial of possession. See Bates v. Com., Ky., 262 S.W.2d 184; Blevins v. Com., Ky., 258 S.W.2d 501; Hammons v. Com., Ky., 252 S.W.2d 51; Scott v. Com., 311 Ky. 419, 224 S.W.2d 458; Patrick v. Com., 286 Ky. 265, 150 S.W.2d 901; Gossett v. Com., 262 Ky. 540, 90 S.W.2d 730; Herrin v. Com., 231 Ky. 139, 21 S.W.2d 139; Kratzer v. Com., 228 Ky. 684, 15 S.W.2d 473; Keifner v. Com., 225 Ky. 163, 7 S.W.2d 1066.

■ To be guilty of illegally possessing intoxicating liquor within the meaning of the local option law such liquor must not only be kept for the purpose of sale but it must be subject to the control and management of the accused. Blevins v. Com., cited above. Noble's defense that he did not own the beer, corroborated by the testimony of his wife in this respect and reinforced by the statement of Danville Herald that it was the latter's beer and that it had been placed in the refrigerator by him for his personal consumption, was not adequately covered by the reasonable doubt instruction. Nor could an inference of lack of ownership or possession be derived from any of the other instructions covering the Commonwealth's theory of the case. We are, therefore, of the opinion that the lower court erred prejudicially when it refused to give the concrete instruction under discussion.

■■ Noble's three remaining contentions are without merit, but, since there must be another trial, we deem it necessary to dispose of them. The first of these is his insistence that the indictment was defective because the accusatory part alleges one offense, that is, illegal possession of liquor, and the descriptive part another offense, namely, illegal possession for sale. We have held that an accusation of mere "illegal possession" in dry territory is no charge of a crime. See Bray v. Com., 302 Ky. 846, 196 S.W.2d 725; Baker v. Com., 284 Ky. 92, 143 S.W. 2d 842. Without an allegation that the liquor was possessed *for sale* (or for some of the other illegal purposes set forth in KRS 242.230) no offense is made out. Furthermore, it is now clear that the accusatory and descriptive parts of the indictment should be read together and considered as a whole in determining the sufficiency of the criminal accusation. See Rose v. Com., 294 Ky. 279, 171 S.W.2d 435. See also Maggard v. Com., 287 Ky. 787, 155 S.W.2d 228, where the old Kentucky practice requiring both parts of the indictment to be sufficient, when standing alone, was examined and overruled. Here, the indictment, considered as a whole, makes out the offense charged.

■ Noble also maintains the warrant was void, as it was not issued on probable cause. He claims the sworn statement that people were hanging around his residence *"apparently* drunk" is not enough to establish "probable cause", though he concedes that had the allegation been that they *"were* drunk" or even *"acting* drunk" it would have been sufficient. See Ingram v. Com., 200 Ky. 284, 254 S.W. 895. We are unable to accept this distinction. The fact that people are milling in and out of a house in an *apparently* drunk condition would certainly signify to a reasonable mind that it is *probable* they are getting liquor from that house.

■ Noble's last assignment of error is that there was no adequate proof that Breathitt County was local option territory. It will be recalled the county court clerk testified that, from the records in her possession, she knew it to be local option territory. Noble argues that this testimony was incompetent because certified copies of these records constituted the best evidence to establish this fact, and not oral testimony. We agree with him that this would be the better procedure and that there is some slight indication in certain Kentucky cases that this type of proof might be required. See Minx v. Com., 283 Ky. 14, 140 S.W.2d 658, where this Court, reversing on other grounds, indicated that the mere statement of an officer that the county was dry might not be adequate. But in Simpson v. Com., Ky., 276 S.W.2d 467, it was specifically held that a statement by a police officer similar to that made in the instant case was held sufficient. There is no error here.

Wherefore, the motion for an appeal is sustained, the appeal is granted and the judgment is reversed with directions that it be set aside and that the case be remanded for a new trial.