**James SPENCER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 15, 1959.

Warren R. HAWKINS et al., Appellants,

v.

Lillie Mae HOSKINSON, Appellee.

Court of Appeals of Kentucky.

May 15, 1959.

Marcus Mann, Salyersville, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

STEWART, Judge.

James Spencer was convicted of the offense of selling alcoholic beverages in dry territory in violation of KRS 242.230(1), and his punishment was fixed at a fine of $100 and 60 days in jail.

He moves for an appeal from the judgment entered. None of the grounds he urges for reversal has any merit except one, namely, that the Commonwealth presented no evidence to the effect that Breathitt County, where the criminal act was allegedly committed, was dry territory at the time of the commission of the offense.

A careful reading of the record in this case reveals no evidence was introduced that the crime of which Spencer was accused took place in local option territory. We have consistently held in a prosecution such as the one before us that it is incumbent upon the Commonwealth to prove local option was in effect in the county at the time of the occurrence of the offense, and failure to prove this fact is reversible error. See Johnson v. Commonwealth, 313 Ky. 751, 233 S.W.2d 514; Musgrove v. Commonwealth, 301 Ky. 475, 192 S.W.2d 400; Burton v. Commonwealth, 274 Ky. 655, 120 S.W.2d 213; and Crigler v. Commonwealth, 120 Ky. 512, 87 S.W. 276.

Wherefore, the motion for an appeal is sustained and the judgment is reversed for further proceedings consistent with this opinion.