Emma Sue EDWARDS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 28, 1968.

E. Michael Runner, Smith & Runner, Louisville, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Emma Sue Edwards was convicted as a third offender under the local option law and sentenced to imprisonment for fifteen months. KRS 242.990(1). She appeals asserting (1) that the affidavit for search warrant was defective; (2) that she was entitled to a directed verdict of acquittal; and (3) that the court failed to properly instruct the jury.

As respects the complaint against the affidavit for search warrant, it is our view that the asserted ground of error is meritless. Without reciting the affidavit in full, it suffices to point out that it stated that the affiant had purchased a half pint of whiskey which had been delivered to him by an unnamed Negro man who had procured the whiskey from a restaurant operated by the appellant, all of which was seen and known by the affiant. Tested by the guidelines of realism and common sense, there can be no doubt that the issuing officer had ample basis for finding

probable cause to issue the search warrant by reason of the allegations of the affidavit. See Gossett v. Commonwealth, Ky., 426 S.W.2d 485.

Neither is there substance in the contention that a directed verdict of acquittal should have been given. The proof showed that appellant bears a bad reputation as a chronic offender against the local option law. The circumstances surrounding the purchase of the contraband liquor were abundantly adequate to sustain a verdict of conviction. Moreover, the proof that the liquor was sold at a time when appellant was absent from Kentucky is not sufficient to destroy the inference that the establishment was "doing business as usual" with the full knowledge and consent of the appellant. Williams v. Commonwealth, 204 Ky. 538, 264 S.W. 1080, and Keifner v. Commonwealth, 225 Ky. 163, 7 S.W.2d 1066, correctly recognize the proposition that a defendant in possession of premises is not guilty of unlawful possession of liquor if the proof demonstrates that the whiskey was on his premises without his express or implied authority. We find no fault in that principle but find that it is inapplicable on the facts of this case because of the issue on this point raised in the evidence.

The appellant's entire defense was based upon the tenet that she had no knowledge whatever that the liquor was being maintained on her premises and that it was brought there during her absence without her knowledge or consent. The court did not affirmatively instruct the jury so as to encompass this theory of defense. The failure to so instruct was error. See Noble v. Commonwealth, Ky., 295 S.W.2d 343, and Blevins v. Commonwealth, Ky., 258 S.W.2d 501, and the host of cases cited and discussed in those opinions. In the circumstances shown in this case the defendant was entitled to an affirmative instruction within the rationale of the authorities cited, and we must reverse the judgment of conviction for the failure of the court to so instruct the jury.

The judgment is reversed for proceedings consistent with the opinion.

WILLIAMS, C. J., and MILLIKEN, PALMORE, and STEINFELD, JJ., concur.

EDWARD P. HILL, MONTGOMERY, and OSBORNE, JJ., dissent.